189 So.2d 366 (1966)
Jane Gertrude ENGLISH, Appellant,
v.
Mary B. HECHT and the North Forty Corp., Appellees.
No. 66-110.
District Court of Appeal of Florida. Third District.
August 9, 1966.
Rehearing Denied September 7, 1966.
Robert E. Craig, Miami, for appellant.
Starr W. Horton, Miami, for appellees.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
PER CURIAM.
Plaintiff appeals from a final judgment dismissing her cause of action for failure to file an amended complaint within the time allowed by order of the court and an order denying plaintiff's motions to set aside and vacate the final judgment.
Plaintiff commenced her suit in equity for damages, accounting and injunction. The trial court found that the complaint failed to state a cause of action for equitable relief and that any cause of action the plaintiff may have is at law. The court ordered that the cause be transferred to the law side of the court and that the plaintiff be granted twenty days from November 24, 1965 within which to amend her complaint to state a cause of action, if any.
Upon failure of the plaintiff to file an amended complaint within the twenty days allowed, the court, on December 17, 1965, entered a final judgment dismissing the cause. On December 18, 1965 the day following entry of the judgment, plaintiff's attorney filed a motion to vacate or set aside final judgment and attached thereto amendments to plaintiff's complaint. The motion set forth, in essence: that on the 24th of November, 1965 the court granted by verbal order defendants' motion to dismiss with leave to amend; that on November 29, 1965 a written order was entered which (1) granted the motion, (2) transferred the cause to the law side of the court, (3) granted plaintiff twenty days from November 24, within which to amend; that plaintiff's counsel inadvertently and by oversight docketed upon his record the 20th *367 day of December, 1965 as the period of time within which to file an amendment to the original complaint not realizing that the date from which the twenty days was to be calculated was not the same as the date of the order. The court denied the motion to set aside or vacate the judgment.
It is counsel's contention that he inadvertently miscalculated the time period within which the amended complaint could be filed and that his miscalculation was not gross negligence but only an inadvertent mistake from which plaintiff would be entitled to relief under Rule 1.38(b) Florida Rules of Civil Procedure, 30 F.S.A. This rule provides:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect * * *."
It is the well established rule that the opening of judgments is a matter of judicial discretion and in case of reasonable doubt, where there has been no trial on the merits, this discretion is exercised in favor of granting the application so as to permit a determination of the controversy upon the merits.[1]
We think that the attorney's failure to file the amended complaint within the time specified in the order may be fairly described as being due to mistake, inadvertence or excusable neglect. We have therefore concluded that the action of the trial court in denying plaintiff's motion to set aside the judgment of dismissal was such an abuse of discretion as to call for reversal.
Appellant raises other points which we have considered and found to be without merit.
The judgment appealed is reversed.
Reversed.
NOTES
[1] North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Coggin v. Barfield, 150 Fla. 551, 8 So.2d 9 (1942); Holiday Ranch, Inc., v. Roudabush, Fla. App. 1965, 171 So.2d 558; Evans v. Hydeman, Fla.App. 1964, 168 So.2d 183; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733.