244 So.2d 770 (1971)
Charles Curtis LASLEY, a Minor, by Harold S. Lasley, His Next Friend, Appellant,
v.
Gibb CUSHING, and Mrs. Gibb Cushing, D/B/a Stone Motor Hotel, Appellee.
No. N-354.
District Court of Appeal of Florida, First District.
March 2, 1971.
Madigan, Parker, Gatlin & Swedmark, Tallahassee, for appellant.
Barnes & Grant, Marianna, for appellee.
SPECTOR, Judge.
Appellant, plaintiff below in a damage action, seeks reversal of an order dismissing his amended complaint with prejudice on the ground that said amended complaint was not timely filed.
The action was commenced by the filing of a complaint against Gibb Cushing and Mrs. Gibb Cushing which alleged that both said defendants operated a motel in Marianna, Florida, in which appellant was a paying guest the night he allegedly sustained personal injuries said to have been caused by a defective heating system. Shortly thereafter the defendant, Gibb Cushing, moved for summary judgment on the ground that he had nothing to do with the operation or ownership of the motel during the time in question. At the same time, defendant, Mrs. Gibb Cushing, filed her motion to dismiss the complaint for failure to state a cause of action against her because she did not operate the motel at the time in question and that it in fact was being operated by one Irene Messer under a lease agreement.
*771 Hearing was had on the above motions on October 9, 1968, on which date the trial court granted Mr. Cushing's motion for summary judgment. Mrs. Cushing's motion to dismiss was granted, apparently on the theory that she was only the owner of the motel and not the operator, with plaintiff being allowed thirty days in which to file an amended complaint or other pleadings. The order granting the motions was filed with the clerk on October 10, 1968.
On November 20, 1969, an amended complaint was filed realleging generally the same incident giving rise to plaintiff's injury as appeared in the initial complaint except that the said amended complaint omitted Mr. Cushing as a defendant. Mrs. Gibb Cushing was again named as a defendant and Irene Messer, the tenantoperator of the motel, was named as an additional defendant for the first time. A copy of the amended complaint was served on counsel for Mrs. Cushing and a summons together with copy of the amended complaint was served on Irene Messer November 21, 1969. Defendants-appellees filed their motion to dismiss the amended complaint December 10, 1969, on the ground that the same was not timely filed as required by the court's order of October 9, 1968. Said motion was granted and the amended complaint was dismissed with prejudice as to both Mrs. Cushing and Irene Messer. The order reviewed herein recited the following factual findings:
"1. On October 9, 1968, the Court heard argument of counsel on the Motion for Summary Judgment on behalf of A.G. Cushing, also known as Gibb Cushing, the Motion to Dismiss on behalf of Mrs. Gibb Cushing, also known as Mabel S. Cushing, and orally granted both of the above motions, allowing Plaintiff thirty (30) days in which to file an amended complaint as to Mrs. Gibb Cushing or other pleadings, which time was agreed upon by the counsel for each of the parties.
"2. A written Order was prepared subsequent to the hearing, which it appears was not received by counsel for the Plaintiff. Counsel for Plaintiff states, and the Court has no reason to doubt, that said counsel obtained a copy of this Order on November 21, 1969, by an investigation of the Court file at which time counsel for Plaintiff discovered its copy of the Order in said file. On that date an amended complaint was filed in which Gibb Cushing was omitted and an additional defendant, Irene Messer, was joined.
"3. On December 9, 1969, counsel for Defendants filed a Motion to Dismiss the amended complaint for the reason that the same had not been timely filed as provided by the Court's Order of October 9, 1968."
By the first point on appeal, it is contended that it was error to dismiss for failure to comply with the court's order of October 9, 1968, granting thirty days to amend, when in fact a copy of said order was not served on or received by appellant's counsel. Appellant points to the recitation in the final order stating that he had not received a copy of the order in question and urges that this circumstance is sufficient to excuse his failure to file his amended complaint within the time permitted by the order of October 9, 1968. Appellee counters this argument by pointing out, as the trial court noted in the order appealed, that appellant's counsel was present at the hearing on October 9, 1968, and there is no question but that he had actual knowledge of the order dismissing the complaint and granting leave to amend within thirty days inasmuch as appellant's counsel agreed that said thirty days would suffice to amend. In these circumstances, it cannot be said by appellant that he had no knowledge of the entry of the order in question.
*772 Rule 1.420(b), Florida Rules of Civil Procedure, 30 F.S.A., provides in material part as follows:
"Any party may move for dismissal of an action or of any claim against him for failure of an adverse party to comply with these rules or any order of court."
It is clear that appellant had knowledge of the subject order, yet the amended complaint was not filed for some thirteen months. In Warriner v. Ferraro, 177 So.2d 723 (Fla.App. 1965), where plaintiff had failed to furnish a list of witnesses to defendants pursuant to court order, it was held that the court had inherent power to impose the sanction of dismissal for a failure to comply with a court order. Whether to impose such sanction was held to be a matter within the sound discretion of the court. Thus, the test by which the correctness of the order of dismissal here is to be determined is whether the trial court's discretion was abused by the entry of the dismissal order. In view of the extended period transpiring between the entry of the order permitting the filing of amended pleadings and compliance therewith, we cannot say that the trial court abused his discretion. Each case of this sort must be viewed in light of its own peculiar circumstances, including the extent of the tardiness involved in compliance with a court order in determining whether an abuse of discretion occurred.
As held by the court in Rashard v. Cappiali, 171 So.2d 581 (Fla.App. 1965), there is a distinction to be drawn between failure to comply with a procedural rule and an order of the trial court. There the court held, at page 583:
"When a plaintiff is given time by order of the court within which to abide by the rule or suffer a dismissal with prejudice, the only question for review by an appellate court upon an appeal from an order dismissing the cause with prejudice would be upon the question of an abuse of discretion by the trial court in the making of the order directing the performance of the act within the time limit.
"* * * This is not to imply that a threat of dismissal or statement of penalty must be included in the order but simply that it must be an order that is breached."
The only case cited by appellant as authority for reversal which relates to dismissal for failure to file an amended complaint within the time allotted is English v. Hecht, 189 So.2d 366 (Fla.App. 1966). That case is factually distinguishable from the instant case. In English, the court had granted defendant's motion to dismiss the complaint and had given plaintiff twenty days from November 24, 1965, within which to amend her complaint. On December 17, only two days after the running of the allotted time, the trial court entered a final judgment dismissing the cause upon failure of plaintiff to file an amended complaint. On the day following entry of the judgment of dismissal, plaintiff moved to set aside or vacate the judgment under then Rule 1.38(b), Florida Rules of Civil Procedure, 31 F.S.A. [now Rule 1.540(b)]. Said motion to set aside was predicated upon an alleged inadvertent mistake stemming from the four-day differential between November 24, when the order permitting amendment was orally granted, and November 29, when a written order was entered to that effect, with plaintiff's counsel docketing upon his record the 20th day of December as the last day of the period within which to amend. There the trial court denied the motion to set aside its judgment, and the appellate court reversed, holding that denial of the motion to set aside was an abuse of discretion. In English, the court had before it a matter of only a few days lapse of time, whereas in the case at bar we are confronted with a lapse of some thirteen months.
Accordingly, we hold appellant has failed to demonstrate that the trial court abused its discretion in dismissing the action against Mrs. Gibb Cushing.
*773 Appellant's remaining point does have merit. It is correctly contended by appellant that the order of dismissal was erroneous insofar as it relates to appellant's cause of action against Irene Messer. It will be recalled that Irene Messer was joined as a party defendant only in the amended complaint. She was not a party defendant at the time of the original complaint, and therefore the order of October 9, 1968, allotting plaintiff thirty days within which to file an amended complaint related only to the parties then having status as defendants. This, of course, did not include Irene Messer. As to her, the plaintiff was not compelled to take any action whatever. That plaintiff elected to allege a cause of action against Irene Messer when he did was a matter of plaintiff's choice over which the court had not yet assumed jurisdiction. Accordingly, that portion of the final judgment of dismissal of appellant's cause of action against Irene Messer must be reversed.
Affirmed in part and reversed in part.
JOHNSON, C.J., and RAWLS, J., concur.