### HALL v. PENNSYLVANIA THRESHERMEN'S INSURANCE CO., et al.

No. 20674.

Circuit Court, Lake County.

May 6, 1972.

Eric E. Wagner, Ocala, for the plaintiff.

Jeffrey B. Clark, Orlando, for the defendant.

W. TROY HALL, Jr., Circuit Judge.

J. R. Hall brought a suit for declaratory and other relief against Pennsylvania Threshermen's Insurance Company and Farmers' Mutual Insurance Companies. J. R. Hall was involved in an accident and claimed that the driver of the other vehicle was an uninsured motorist, and that he was entitled to damages under the defendants' uninsured motorist coverage.

The relief requested was construction of an insurance policy, damages and attorney's fees.

Various motions were filed attacking the complaint, which were denied, and the defendants answered the complaint denying the material allegations.

Pre-trial discovery was had in the form of interrogatories and requests for admissions of fact, and various depositions were taken both for discovery and for use at trial.

Defendants filed a motion to compel arbitration. Both parties submitted briefs in support of their positions and the motion was denied.

The plaintiff, J. R. Hall, died and Dorian D. Hall substituted as executrix.

Motion for summary judgment was filed by the plaintiff and prior to hearing the parties stipulated and an order was entered that at the time of the accident the operator of the other vehicle was an uninsured motorist.

Plaintiff, through her attorney, on July 8, 1968, noticed the case for trial. On July 25, 1968 defendants filed a motion to remove the cause due to insufficiency of notice and the case was continued. Without the filing of any further requests for trial, the court gave notice to the parties of a pre-trial conference on April 18, 1969, and at the pre-trial conference, the trial of the cause was set for October 7, 1969. Thereafter, however, a supplemental amended order of trial was mailed by the court to the parties, setting trial on December 16, 1969. A stipulation was entered into by the attorneys for the parties continuing the cause until the next term of court.

The next pleading filed was the motion to dismiss for failure to prosecute, which came on to be heard on April 22, 1971. Eric E. Wagner, attorney for the plaintiff, and Jeff B. Clark, attorney for the defendants, were present. At the hearing, Mr. Wagner announced in open court that he had not filed pursuant to Rule 1.420, as amended October 1, 1968, a showing of "good cause" why the motion should be denied, but instead intended to move pursuant to Rule 1.540(b) for relief on the grounds of "(1) mistake, inadvertence or excusable neglect." Mr. Wagner stated that he did

not have "good cause" but believed that the appropriate remedy for relief was provided by Rule 1.540 on the bases as set forth in the rule. The court, in an effort to avoid a multiplicity of hearings, thereupon permitted the attorney for the plaintiff to so move orally, which was done without objection by the defendants' attorney.

Plaintiff's attorney, although admitting no action had been taken as shown by the court file and that the defendants are entitled to an order of dismissal as provided by Rule 1.420, requested and moved for relief under Rule 1.540 on the grounds of mistake, inadvertence or excusable neglect, affirmatively stating to the court among other reasons that the failure to move the case to trial was through no fault of the client but through his mistaken belief that the court would set the case at the next term of court, his inadvertence in failing to follow through and see that the case was set for trial, his neglect in not affirmatively following through, and mistakenly relying on the common custom of attorneys practicing within this circuit not to move for failure to prosecute under Rule 1.420.

The defendants, through their attorney, announced that although they had no objections to the oral motion, they did not agree that Rule 1.540 was applicable. Defendants' position was that they were entitled to an order of dismissal and that plaintiff's attorney was not entitled to relief under Rule 1.540 because that rule did not apply to dismissal for want of prosecution.

The question presents itself to whether or not the benefits of Rule 1.540, which releases a party from an order, etc., upon the grounds of mistake, inadvertence or excusable neglect, is applicable to cases dismissed under Rule 1.420 for want of prosecution if a motion is timely made.

A history of the applicable rules is appropriate. Rule 1.420(e), as amended effective October 1, 1968, provides —

> All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.

Prior to the amendment, a different method was used for reinstatement as provided in Rule 1.420(e) —

> . . . provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal.

Since the amendment, "good cause" is no longer a ground for reinstatement but is a defense to the motion. Therefore, if relief is to be afforded, it would be under Rule 1.540 which states —

> (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud,* etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . .

According to the Authors' Comment, volume 31, page 229, F.S.A., Rule 1.540 is substantially the same as Federal Rule 60, and

> The application of the relief provisions is generally within the discretion of the court . . .

Federal Rule 60(b) states —

> *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud,* etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . .

Under this rule, the federal courts have entertained motions after dismissal for want of prosecution. In Weller v. Socony Vacuum Oil Co. of Wyo., 2 F.R.D. 158, an action was "dismissed for lack of prosecution," and within six months the plaintiff moved to vacate the order on grounds of the oversight of a clerk employed by his attorney; the motion was granted under Rule 60 authorizing the court to relieve a party from an order taken by "mistake" or "inadvertence."

By reason of the recent amendment of Rule 1.420 and change of procedure, there are relatively few Florida cases interpreting the applicability of Rule 1.540 regarding relief from orders for failure to prosecute; however, on April 8, 1969, the Third District Court of Appeal in State ex rel. Avery v. Williams, 222 So.2d 477, held in an original prohibition proceeding that the prohibition was proper because the defendant having been given reasonable notice failed to show good cause in writing within five days before the hearing — it is clear the defendant did not seek relief under Rule 1.540(b) but attempted to show good cause after the time had expired — the court going further to state —

> It is apparent from a review of the motion to reinstate, filed by the plaintiff in the trial court after the order of dismissal, that he did not seek relief pursuant to the provisions of Rule 1.540, Florida Rules of Civil Procedure, but merely sought reinstatement on alleged grounds of good cause.

Subsequently, however, on May 26, 1970, the First District Court of Appeal in Frank v. Amara, 235 So.2d 537, specifically considered the applicability of Rule 1.540(b) as a method for reinstatement of cases dismissed for want of prosecution under Rule 1.420(e). Appellees-defendants moved to dismiss the appeal. Plaintiff's case had been dismissed in the lower court for failure to prosecute under Rule 1.420(e). The appellate court held in substance that the order of dismissal was not applicable. The plaintiff further moved in the lower court for —

> . . . relief under Rule 1.540(b), F.R.C.P., by which appellant sought to be relieved from the final order dismissing her complaint for failure to prosecute on the ground that the said dismissal order was entered as a result of excusable neglect . . .

The District Court recognized this procedure, holding that the appeal from the order under Rule 1.420(e) was not applicable but the discussion of the lower court relative to Rule 1.540 said —

> . . . the order did not stop there; it also denied relief under Rule 1.540(b). Since relief under the latter rule may be sought within a reasonable time not to exceed one year, it cannot be said that appellant's motion in that respect was not timely nor that review of an order granting or denying relief under Rule 1.540 may not be reviewed on appeal. See Odum v. Morningstar, 158 So.2d 776 (Fla. App. 1963), and State ex rel. Avery v. Williams, 222 So.2d 477 (Fla. App. 1969), in which the court distinguished motions for relief pursuant to Rule 1.540 and motions attempting reinstatement of a cause dismissed for failure to prosecute under Rule 1.420(e).

The appellate court went on to say —

> However, to the extent that the notice of appeal seeks review of the lower court's order denying relief under Rule 1.540(b), appellees' motion to dismiss is denied.

That the court has discretion in granting relief under rule 1.540 is beyond question —

> The opening of judgment is a matter of judicial discretion and in case of reasonable doubt, where there has been no trial on the merits, such discretion is exercised in favor of granting the application so as to permit a determination of the controversy upon the merits. *English v. Hecht*, App. 1966, 189 So.2d 366.

> This rule is implemented by exercise of sound judicial discretion as applied to facts and circumstances. *Southern Title Research Co. v. King*, App. 1966, 186 So.2d 539.

And "excusable neglect" is defined as —

> "Excusable neglect" so as to entitle a party to be relieved from final summary judgment may include errors and omissions of counsel in con-

duct of pending litigation if excusable when considered in light of generally accepted practices and amenities with which he is familiar and on which he may have had a right to rely *Kash N'Karry Wholesale Supermarkets, Inc.* v. *Garcia,* App. 1969, 221 So.2d 786.

It is further important to note that the client was in no way at fault. In fact, it is stated in 15 A.L.R.3d 677, citing Daley v. County of Butte (1964), 227 Col. App. 2d 380 —

Inexcusable and extreme neglect of a client's cause has also been held to warrant vacation of a judgment dismissing an action for want of prosecution.

It therefore appears from the above that Rule 1.540 is applicable for reinstatement of actions dismissed for want of prosecution under Rule 1.420 on the grounds as set forth in the rule of "mistake, inadvertence or excusable neglect."

Based upon the history of the case, the questions of law and the authorities herein contained, it is the opinion of the court that the defendants' motion to dismiss for want of prosecution should be granted and that the plaintiff's oral motion at the time of the hearing to reinstate under Rule 1.540 on the grounds of mistake, inadvertence or excusable neglect should be granted, the court being of the opinion that plaintiff should receive the benefit of a trial on the merits.

It is upon consideration ordered and adjudged that — (1) Defendants' motion to dismiss for want of prosecution under Rule 1.420 is granted. (2) Plaintiff's motion to reinstate and for relief under Rule 1.540 is granted. (3) A request for trial being simultaneously filed herewith, the cause be and it is hereby ordered set for trial at the next term of court.