546 So.2d 434 (1989)
Charles CLAY, Appellant,
v.
CITY OF MARGATE, Appellee.
No. 88-3435.
District Court of Appeal of Florida, Fourth District.
June 28, 1989.
Rehearing and Sanctions Denied August 7, 1989.
*435 Bruce H. Little of Bruce H. Little, P.A., Fort Lauderdale, for appellant.
Gilbert E. Theissen of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellee.
GARRETT, Judge.
This an appeal of a final judgment dismissing appellant's complaint for failing to timely file a more definite statement.
In October 1984, at the trial court level, appellant filed a "Petition for Writ of Certiorari and/or Mandamus." In February 1986, much file activity led appellant to file a Third Amended Complaint seeking declaratory relief and appellee responded by filing a motion to dismiss. In May 1986, the trial court treated appellee's motion as a motion for more definite statement and gave appellant ten days to respond. The parties agreed to a ten day extension. Appellant waited until September of 1986 to file a notice of clarification and more definite statement. Within a week thereof, appellee filed a motion to dismiss alleging appellant's response, almost four months late, was untimely. A week later, a second motion to dismiss alleging the same grounds was filed. Nearly two months later, an addendum to the motion to dismiss was filed. In December 1987, the trial court ruled and entered a final order of dismissal with prejudice. Appellant appealed. In October 1988, this court dismissed the appeal as not involving a final order. In December 1988, the appeal was re-noticed when a final judgment was entered.
If an order for a more definite statement is not obeyed within the time fixed by the court (or agreed between the parties), the court may strike the pleading to which the motion is directed or make such order as it deems just. Fla.R.Civ.P. 1.140(e).
To dismiss a cause of action for the failure to comply with an order of the court is the most severe of all sanctions and should be employed only in extreme circumstances. Whether to impose the sanction of dismissal is within the sound discretion of the trial court. The exercise of this discretion will not be disturbed absent a clear showing of abuse. Gomez v. Pujols, 546 So.2d 734, (Fla. 5th DCA 1989).
We reverse. This is a case where the record is devoid of any evidence reflecting willful disregard of an order of court. Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971). There was no showing appellant's failure to respond as ordered was a deliberate and contumacious disregard of the court's authority. Nor was bad faith, gross indifference, or deliberate callous conduct established as the reason for appellant's noncompliance. Mercer v. Raine,, 443 So.2d 944, 946 (Fla. 1983). The appellant had actively litigated the case for over a year and one half before the untimely response to the trial court's order. On several prior occasions appellant had met court imposed deadlines. Appellee never had to seek a motion to compel or sanctions at any other time during the case.
The sanction of dismissal had the effect of punishing the litigant too severely for an act or failure on the part of his counsel. See Beasley v. Girten, 61 So.2d 179 (Fla. *436 1952). The purpose of the rules of civil procedure is to promote the orderly movement of litigation. A lesser sanction would have accomplished that purpose. Considering the facts and circumstances of this case, the trial court in its effort to cure an isolated violation of the civil procedure rules should have fashioned a sanction directed to the attorney rather than the litigant's case. Failing to do so, an abuse of discretion occurred.
DOWNEY and POLEN, JJ., concur.