PER CURIAM.
The plaintiff, Pablo Diaz, appeals from an order denying his motion for extension of time to file an amended complaint and granting motions for involuntary dismissal. We affirm.
Upon discovering that his warranty deed excluded a portion of the parcel which he thought he had purchased, the plaintiff filed a complaint against the seller of the parcel, Louise J. Bushong, the subsequent buyers of the parcel not conveyed to the plaintiff, Nancy S. Cooney, Eneida Expósi-to, Mayling Expósito, and Marlene Torres, and the attorneys who handled the real estate transaction, Armando Oliveros, Jr. and Charles W. Battisti. In response, Bushong, Cooney, Battisti and Oliveros filed motions to dismiss.
The trial court granted Battisti’s motion to dismiss. The plaintiff filed an amended complaint as to the count alleging professional malpractice against Oliveros and Battisti. Battisti moved to dismiss the amended complaint and for sanctions. On February 24, 1992, the trial court granted Battisti’s motion to dismiss with prejudice, but allowed the plaintiff to amend as to Battisti on any ground other than malpractice within twenty days.
On May 8, 1992, the trial court entered an agreed order granting the motions to dismiss filed by Bushong, Cooney and Ol-iveros and allowing the plaintiff to amend his complaint within forty-five days from the date of the order (by June 22, 1992).
On June 24,1992, prior to further amending his complaint, the plaintiff sought leave of court to add Battisti as a defendant in his second amended complaint since the time set forth in the trial court’s order allowing further amendment as to Battisti had expired several months earlier. Simultaneously, the plaintiff also filed a motion for extension of time to file an amended complaint to avoid the duplicity of filing a second amended complaint as to the other defendants and then having to further amend the complaint should the court grant leave to add Battisti.
The trial court entered an order denying the plaintiff’s motions for extension of time *1021 and to add defendants, granting in part Battisti’s motion for sanctions, and granting Bushong’s and Cooney’s motions for involuntary dismissal. The plaintiff appealed.
The plaintiff contends that the trial court abused its discretion in dismissing the plaintiffs complaint without prejudice for failure to comply with the court’s order granting forty-five days to amend. We disagree.
“To dismiss a cause of action for the failure to comply with an order of the court is the most severe of all sanctions and should be employed only in extreme circumstances.” Clay v. City of Margate, 546 So.2d 434, 435 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (Fla.1989). Whether to grant an order of dismissal for noncompliance with its order is a matter within the trial court’s discretion. Farish v. Lum’s, Inc., 267 So.2d 325 (Fla.1972); Clay, 546 So.2d at 435; Lasley v. Cushing, 244 So.2d 770 (Fla. 1st DCA 1971). The trial court’s decision will not be disturbed unless there is a showing of abuse of discretion. Clay, 546 So.2d at 435 (citing Gomez v. Pujols, 546 So.2d 734 (Fla. 3d DCA 1989)). “If reasonable [persons] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion.” Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The plaintiff did not file the amended complaint by June 22, 1992, as required by the court order. Instead, he filed a motion to extend time on June 24, 1992. In fact, the plaintiff had not filed the amended complaint on September 4,1992, the date of the hearing on the motion for extension of time, seventy-four days after it was due. The only reason given at the hearing for not timely filing the amended complaint was that the plaintiff wanted to add Bat-tisti as a defendant. The transcript of the hearing reveals that the plaintiff willfully disregarded the trial court’s order. See Mercer v. Raine, 443 So.2d 944 (Fla.1983); Clay, 546 So.2d at 434.
The instant case is distinguishable from D’Best Laundromat, Inc. v. Janis, 508 So.2d 1325 (Fla. 3d DCA 1987) where this court held that the trial court abused its discretion in dismissing the amended complaint where it was filed only four days late. The delay in this case cannot be calculated since no amended complaint has ever been filed. Unlike the plaintiff in English v. Hecht, 189 So.2d 366 (Fla. 3d DCA), cert, denied, 194 So.2d 619 (Fla.1966), the plaintiff in the instant case did not allege that he had inadvertently mistaken the date the complaint was due. We find that the attorney’s failure to file the amended complaint within the time specified in the order is not due to mistake, inadvertence or excusable neglect. See Lasley v. Cushing, 244 So.2d 770, 772 (Fla. 1st DCA 1971); Fla.R.Civ.P. 1.540. “In the absence of facts showing an abuse of that discretion, the trial court’s decision excusing, or refusing to excuse, noncompliance with rules ... must be affirmed.” Farish v. Lum’s, Inc., 267 So.2d 325, 327-28 (Fla.1972). Accordingly, we find that the plaintiff has failed to demonstrate that the trial court abused its discretion in dismissing the plaintiff’s action without prejudice.
Affirmed.