687 So.2d 910 (1997)
Anthony Joseph JULIANO, Appellant,
v.
Sandra Kay JULIANO, Appellee.
No. 96-327.
District Court of Appeal of Florida, Third District.
January 29, 1997.
*911 Hershoff, Lupino, Defoor & Gregg and Jay Hershoff, Tavernier; Jay M. Levy, Miami, for appellant.
Russell H. Cullen, Key Largo, for appellee.
Before SCHWARTZ, C.J., and NESBITT and FLETCHER, JJ.
FLETCHER, Judge.
The former husband appeals an order enforcing a settlement agreement in a marital dissolution. We reverse.
The former wife's settlement enforcement motion was noticed for the trial court's motion calendar, to which hearing the former wife brought a proposed witness. The former husband objected to testimony being taken at that time, advising the trial court that, if the former wife's witness testified, then he would need to present testimony on his behalf, but that he had not brought his witness with him as he had not expected testimony to be presented. The trial court denied a continuance, heard the former wife's testimony, and granted her motion.
While we believe that trial courts should have great discretion over their procedures, including the functioning of their motion calendars, we conclude that the former husband's request for a continuance should have been granted. It is expected that motion calendar hearings are for the purpose of resolving matters which require little time and are limited to arguments of counsel. While there is nothing to prevent the trial court from hearing testimony in uncontested matters, or by agreement of all involved, testimony in disputed matters comes as a surprise at motion calendar. Accordingly, to avoid sandbagging of parties, if the court is to allow testimony in disputed motion calendar hearings, specific notice of such intention must be given, with a sufficient interval to prepare and adequate opportunity to present contrary testimony prior to ruling.
The former wife's cross-appeal is rendered moot by our returning this matter for a new hearing on the motion. However, we do note that the former wife's contention that there was no evidence supporting the "good will sentimental value" of the corporate stock appears to have merit. We do not know, of course, what evidence will be presented at the new hearing.
Reversed and remanded for a new hearing on the former wife's settlement enforcement motion.