700 So.2d 187 (1997)
Russell ZACCARIA, Appellant,
v.
Anna Roma RUSSELL, and William G. Crawford, as Personal Representative of the Estate of Gregory M. Zaccaria, Appellees.
No. 96-4090.
District Court of Appeal of Florida, Fourth District.
October 15, 1997.
Joel D. Kenwood of Joel D. Kenwood, P.A., Boca Raton, for appellant.
Robert A. Huth, Jr. of English, McCaughan & O'Bryan, P.A., Boca Raton, for appellees.
SHAHOOD, Judge.
Appellant, Russell Zaccaria, appeals a final order dismissing with prejudice, as a discovery sanction, his claim for loan reimbursement against the estate of his deceased brother. Appellee concedes, and we agree, that the order is defective because it fails to make findings that appellant's conduct was a willful and deliberate violation of the discovery order.
The Rules of Civil Procedure grant the trial judge a broad range of sanctions to enforce the parties' compliance with court orders. See Fla. R. Civ. P. 1.200(c), 1.380(b), 1.420(b). Among the alternatives is the authority *188 to strike a party's pleadings or order dismissal of the cause. Id. Absent an abuse of discretion, the trial court's exercise of that discretion may not be disturbed. Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA), rev. denied, 553 So.2d 1164 (1989).
It is uniformly held that dismissal is a drastic remedy which courts should employ only in extreme situations. City of Margate; Mercer v. Raine, 443 So.2d 944 (Fla.1983). In such situations, courts are required to make an explicit finding of willful noncompliance. Commonwealth Fed. Sav. and Loan Ass'n. v. Tubero, 569 So.2d 1271, 1272 (Fla.1990); Lahti v. Porn, 624 So.2d 765 (Fla. 4th DCA 1993). Failure to include a recitation of a finding of willful noncompliance in the order requires reversal. Commonwealth Fed. Sav. and Loan Ass'n., 569 So.2d at 1272.
The trial court in this case did not make the requisite finding of willful noncompliance with the discovery order prior to dismissing appellant's claim with prejudice. Therefore, we reverse and remand with directions that the trial court reinstate appellant's claim for damages.
REVERSED AND REMANDED WITH DIRECTIONS.
DELL and FARMER, JJ., concur.