FLETCHER, Judge.
BMS of Broward, Inc. [BMS] appeals an order granting appellee Mike Carter’s motion to transfer the action to Manatee County, Florida. We reverse and remand for an evidentiary hearing on the motion.
Carter’s motion to transfer was noticed by him for hearing on the trial court’s motion calendar. At the hearing BMS requested a continuance to a date when it could present its witnesses, the attendance of whom BMS had not secured for the motion calendar hearing. The court denied the request, heard the motion without the presentation of BMS’ testimony, and granted it.
In Juliano v. Juliano, 687 So.2d 910, 911 (Fla. 3d DCA1997) we observed:
“It is expected that motion calendar hearings are for the purpose of resolving matters which require little time and are limited to arguments of counsel. While there is nothing to prevent the trial court from hearing testimony in uncontested matters, or by agreement of all involved, testimony in disputed matters comes as a surprise at motion calendar.”
While we believe that the better practice in this case may have been for BMS to seek a continuance in advance of the motion calendar hearing (rather than at it) we nonetheless conclude that BMS reasonably expected no testimony to be taken at that time, thus did not act unreasonably in not securing the attendance of its witnesses and the trial court should have granted BMS’ request for a continuance. The “order granting motion to transfer” is reversed and the cause is remanded for an evidentiary hearing on Carter’s motion to transfer.
Reversed and remanded.