LAGOA, J.
 

 Christian Herranz (“Herranz”) appeals the trial court’s order granting Roberto Siam’s (“Siam”) motion to set aside default and motion to strike complaint as a sham. Because we find that the hearing on the motion to strike the complaint as a sham was not properly noticed as an evidentiary hearing, we reverse the trial court’s order granting the motion. We affirm, however, the trial court’s order granting Siam’s motion to set aside default as we find that the trial court did not abuse its discretion in granting the motion.
 

 With regard to the trial court’s order striking the complaint as a sham, Herranz raises several issues. We find, however, that only one issue merits discussion. Florida Rule of Civil Procedure 1.150 mandates that, if a party moves before trial to strike a pleading as a sham, the trial court must conduct an evidentiary hearing.
 
 [1]
 

 See Pacheco v. Wasserman,
 
 701 So.2d 104, 106 (Fla. 3d DCA 1997). The purpose of such a hearing is to determine whether there are any genuine issues to be tried.
 
 See Slatko v. Virgin,
 
 328 So.2d 499, 500 (Fla. 3d DCA 1976). Only after holding an evidentiary hearing may the trial court “strike the pleading as a sham if it finds that the falsity of the pleading clearly and indisputably appears.”
 
 Pacheco,
 
 701 So.2d at 106 (Fla. 3d DCA 1997).
 
 See also Cromer v. Mullally,
 
 861 So.2d 523, 525 (Fla. 3d DCA 2003) (“A pleading is only considered a sham when it is inherently false and clearly known to be false at the time the pleading was made.”).
 

 As testimony must be taken, notice of the required evidentiary hearing must be provided to the parties in order to avoid surprise and ensure due process. As this Court explained in
 
 Juliano v. Juliano,
 
 687 So.2d 910 (Fla. 3d DCA 1997):
 

 It is expected that motion calendar hearings are for the purpose of resolving matters which require little time and are limited to arguments of counsel. While there is nothing to prevent the trial court from hearing testimony in uncontested matters, or by agreement of all involved, testimony in disputed matters comes as a surprise at motion calendar. Accordingly, to avoid sandbagging of
 
 *1107
 
 parties, if the court is to allow testimony in disputed motion calendar hearings, specific notice of such intention must he given, with a sufficient interval to prepare and adequate opportunity to present contrary testimony prior to ruling.
 

 Id.
 
 at 911.
 

 On appeal, Herranz argues that the trial court erred in striking his complaint as a sham as the required evidentiary hearing was not properly noticed. We agree. The record establishes that Siam’s original notice of hearing and re-notice of hearing simply notified Herranz that the hearing was set for April 17, 2008, at 8 a.m. The notice gave no indication that the matter was scheduled as an evidentia-ry hearing. Indeed, on April 16, 2008, one day before the hearing, Herranz served a motion to continue and to set the motion for an evidentiary hearing. In his motion, Herranz argued that the motion to strike his complaint as a sham concerned issues that could not be resolved at a motion calendar and required an evidentiary hearing. Prior to entering the subsequent order on appeal, the trial court apparently denied Herranz’s motion.
 

 Because we find that Herranz did not receive proper notice that the motion to strike the complaint as a sham was scheduled as an evidentiary hearing, we are compelled to reverse the trial court’s order and remand for the trial court to conduct a properly noticed evidentiary hearing on Siam’s motion.
 

 Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.
 

 [1]
 

 . The Rule states as follows:
 

 Rule 1.150. Sham Pleadings
 

 (a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown.
 

 (b) Contents of Motion. The motion to strike shall be verified and shall set forth fully the facts on which the movant relies and may be supported by affidavit. No traverse of the motion shall be required.