# Third District Court of Appeal

## State of Florida

Opinion filed February 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2471
Lower Tribunal No. 16-1817
_____

## Ibis Brito and Orlando Brito,
Appellants,

vs.

## Southern Fidelity Property & Casualty, Inc.,
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jorge Cueto, Judge.

Sivyer Barlow & Watson, P.A. and Melissa A. Giasi (Tampa), for appellants.

Vernis & Bowling of Miami, P.A., and Eric J. Knuth, Saltanat Biter and Charles G. Short, for appellee.


Before LOGUE, and MILLER, JJ., and SUAREZ, Senior Judge.

MILLER, J.

Appellants, Ibis and Orlando Brito, appeal a final order dismissing their case and imposing monetary sanctions after the trial court struck their pleadings for discovery abuses and, as reflected in its order, promulgating a "sham claim." For the reasons that follow, we conclude that the Britos were not afforded sufficient due process and the record does not support the findings set forth in the order of dismissal. Accordingly, we reverse the order under review.

A trial court's imposition of sanctions, including dismissal of a case, as a consequence of discovery violations is reviewed under an abuse of discretion standard. See Mercer v. Raine, 443 So. 2d 944, 946 (Fla. 1983) ("'The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness' . . . This test should apply to the discretionary power of the trial court to grant sanctions.") (quoting Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980)). "To dismiss a cause of action for the failure to comply with an order of the court is the most severe of all sanctions and should be employed only in extreme circumstances." Clay v. City of Margate, 546 So. 2d 434, 435 (Fla. 4th DCA 1989).

Notwithstanding this discretionary standard, "due process requires that a party be given sufficient notice to prepare for a hearing." 1445 Washington Ltd. P'ship v. Lemontang, 19 So. 3d 1079, 1081 (Fla. 3d DCA 2009); see also Herranz v. Siam, 2 So. 3d 1105 (Fla. 3d DCA 2009) ("[I]f the court is to allow testimony in disputed

2

motion calendar hearings, specific notice of such intention must be given, with a sufficient interval to prepare and adequate opportunity to present contrary testimony prior to ruling.") (quoting Juliano v. Juliano, 687 So. 2d 910, 911 (Fla. 3d DCA 1997)).

Here, Southern Fidelity Property & Casualty, Inc. penned a lengthy motion containing allegations of fraud, attorney misconduct, extra-judicial, uncharged criminal activity, and discovery misconduct on the eve of a pre-scheduled, non-evidentiary status conference.[1]  The motion referenced previous judicial findings of wrongdoing that are not reflected in the record.  During the status conference, substitute counsel for the Britos appeared, citing a scheduling conflict for the counsel of record. Southern Fidelity's counsel argued its motion, but presented no evidence in furtherance of its allegations.

As the Britos were not formally advised that the sanctions motion would be heard at the status conference, they were effectively divested of their opportunity to

---

[1] Although the sanctions motion did not specifically identify the Britos' complaint as "sham," the proposed order adopted by the trial court included said language.  Prior to striking a pleading as sham, premised upon a finding that a pleading is a "mere pretense set up in bad faith and without color of fact," and thus "plain fiction," an evidentiary hearing must be convened. Rhea v. Hackney, 117 Fla. 62, 157 So. 190, 193-94 (1934); see also Fla. R. Civ. P. 1.150 ("If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, taking evidence of the respective parties...").

refute the unverified contentions set forth in the motion. We further note the record before us is "devoid of any evidence reflecting willful disregard of an order of court," or "deliberate and contumacious disregard of the court's authority," further compelling reversal. Clay, 546 So. 2d at 435 (citing Crystal Lake Golf Course, Inc. v. Kalin, 252 So. 2d 379 (Fla. 4th DCA 1971)).

Accordingly, we reverse the order under review and remand for the trial court to conduct further proceedings.

Reversed and remanded.