# Third District Court of Appeal
## State of Florida

Opinion filed September 15, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-1009
Lower Tribunal No. 15-29669

————————

**Sara Mendez,**
Appellant,

vs.

**ASI Preferred Insurance Corp.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alan Fine and Rodolfo Ruiz, Judges.

David B. Pakula, P.A., and David B. Pakula (Pembroke Pines); and Perry & Neblett, P.A., and David A. Neblett and James M. Mahaffey, for appellant.

Berk, Merchant & Sims, PLC, and Patrick E. Betar and Evelyn M. Merchant, for appellee.

Before SCALES, HENDON, and MILLER, JJ.

HENDON, J.

The plaintiff below, Sara Mendez, appeals from a (1) final judgment entered in favor of the defendant below, ASI Preferred Insurance Corp. ("ASI"), following the granting of ASI's verified motion to strike Mendez' complaint as a sham pleading under Florida Rule of Civil Procedure 1.150(a) ("Motion to Strike"), and awarding ASI attorney's fees as a sanction under section 57.105(1), Florida Statutes, to be equally paid by Mendez and her attorneys; and (2) an order denying Mendez's Motion to Amend/Alter Judgment and/or Request for Rehearing and/or Reconsideration Pursuant to Florida Rule of Civil Procedure 1.530, Motion to Vacate, and Motion for Sanctions. We affirm.

Mendez contends that her due process rights were violated because the hearing on the Motion to Strike was not properly noticed as an evidentiary hearing, and therefore the final judgment must be reversed. Under the circumstances of this case, we disagree.

ASI filed a notice of hearing, setting the Motion to Strike for a one-hour special set hearing. The notice of hearing, however, did not indicate that the hearing would be conducted as an evidentiary hearing. Thereafter, ASI filed a motion to allow its representative to attend the special set hearing via telephone. The trial court entered an order granting the motion, stating that ASI's representative "may attend or **present evidence** by

2

telephonic means." (emphasis added). At the hearing, prior to ASI's representative's testimony, Mendez's counsel stated that, based on the notice of hearing, he believed that the hearing would be conducted as a non-evidentiary hearing. In response, the trial court noted that emails between its judicial assistant and the parties' attorneys reflected that the hearing was set as a one-hour evidentiary hearing. Further, ASI's counsel noted, and the parties do not dispute, that rule 1.510(a) provides that the trial court must conduct an evidentiary hearing prior to ruling on a motion to strike a pleading as sham.[1]

In arguing that her due process rights were violated, Mendez relies on this Court's decision in Herranz. In Herranz, the defendant, Roberto Siam, filed a motion to strike Herranz's complaint as a sham pleading

---

[1] Florida Rule of Civil Procedure 1.150, titled "Sham Pleadings," provides, in relevant part, as follows:

> **(a) Motion to Strike.** If a party deems any pleading or part thereof filed by another party to be a sham, that party may move to strike the pleading or part thereof before the cause is set for trial and the court shall hear the motion, **taking evidence of the respective parties**, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. . . .

Fla. R. Civ. P. 1.150 (second emphasis added); see Herranz v. Siam, 2 So. 3d 1105, 1106 (Fla. 3d DCA 2009) ("Florida Rule of Civil Procedure 1.150 mandates that, if a party moves before trial to strike a pleading as a sham, the trial court must conduct an evidentiary hearing.").

under rule 1.150. <u>Herranz</u>, 2 So. 3d at 1106. The motion to strike was noticed to be heard during motion calendar, but the notice of hearing did not indicate that the hearing was scheduled as an evidentiary hearing. <u>Id.</u> at 1107. The day before the scheduled hearing, Herranz moved to continue the hearing and to re-set the hearing as an evidentiary hearing because the motion to strike concerned issues that could not be resolved at a motion calendar and required an evidentiary hearing. <u>Id.</u> The trial court conducted an evidentiary hearing during motion calendar, and thereafter, entered an order striking Herranz's complaint as sham. <u>Id.</u> After conducting the hearing, but before entering the order striking the complaint as sham, the trial court denied Herranz's motion to continue the hearing. <u>Id.</u>

On appeal, Herranz argued that the trial court erred in striking his complaint as sham because the required evidentiary hearing was not properly noticed. <u>Id.</u> This Court agreed with Herranz, reversing the order and remanding for the trial court to conduct a properly noticed hearing. In doing so, this Court explained the purpose of a motion calendar hearing:

> It is expected that motion calendar hearings are for the purpose of resolving matters which require little time and are limited to arguments of counsel. While there is nothing to prevent the trial court from hearing testimony in uncontested matters, or by agreement of all involved, testimony in disputed matters comes as a surprise at motion calendar. Accordingly, to avoid sandbagging of parties, if the court is to allow testimony in disputed motion calendar hearings, specific notice of such

4

intention must be given, with a sufficient interval to prepare and adequate opportunity to present contrary testimony prior to ruling.

Id. at 1106-07 (quoting Juliano v. Juliano, 687 So. 2d 910, 911 (Fla. 3d DCA 1997)).

In Bishai v. Health Law Firm, P.A., 293 So. 3d 1066 (Fla. 5th DCA 2020), the Fifth District addressed a similar scenario as presented in Herranz. In Bishai, Samy F. Bishai, M.D. and Samy F. Bishai, M.D., P.C. (collectively, "Bishai"), appealed the order granting The Health Law Firm's motion to strike as sham two counts of Bishai's counterclaim. Bishai, 293 So. 3d at 1066-67. The Health Law Firm noticed the motion to strike and four other motions to be heard during motion calendar for fifteen minutes each. Id. at 1067. The notice of hearing did not indicate that the scheduled hearing would be an evidentiary hearing. Id. At the hearing, Bishai objected to the evidentiary nature of the hearing. The trial court overruled Bishai's objection, reasoning that because rule 1.150 mandates an evidentiary hearing on a motion to strike sham pleadings, Bishai should have been on notice that the hearing would be conducted as an evidentiary hearing.

On appeal, the Fifth District Court of Appeal stated it would "decline to announce a rule that requires every evidentiary hearing be specifically

5

noticed as such," id., and reversed based on Herranz, noting that the facts in the two cases were "strikingly similar." Id. In doing so, the Fifth District held: "As the Third District Court of Appeal did in Herranz, we find that the manner in which [The Health Law Firm] noticed the hearing on [the] motion to strike the counterclaim as a sham violated [Bishai's] due process rights." Bishai, 293 So. 3d at 1067-68. In a footnote, the Fifth District noted:

> Logistically, the parties would be unable to conduct an evidentiary hearing on [The Health Law Firm's] motion to strike pleading as a sham within the noticed fifteen-minute timeframe. While the allowance of short evidentiary hearings at motion calendar varies from judge to judge, most opposing attorneys would not expect that instead of hearing five motions, almost the entirety of the seventy-five-minute hearing would be utilized on just the motion to strike.

Id. at 1067 n.4.

The facts in Herranz and Bishai are distinguishable from the facts in the instant case. Here, the hearing on ASI's Motion to Strike was not held during motion calendar. Rather, the Motion to Strike was set to be heard during a one-hour special hearing, and email communications between the trial judge's judicial assistant and the parties' counsels' office confirmed that the hearing would be conducted as an evidentiary hearing. In Bishai, the Fifth District noted that, logistically, the parties would be unable to conduct an evidentiary hearing on a motion to strike a pleading as sham within fifteen minutes. Likewise, there is no need to conduct a one-hour

6

special set hearing on a motion to strike sham pleadings if at that particular hearing, the parties' counsels would only make arguments to the trial court. Further, in granting ASI's motion to allow its representative to appear by telephone, the trial court's order specifically stated that the representative "may attend or present evidence by telephonic means." Under these circumstances, Mendez's due process rights were not violated because she was provided with sufficient notice that the trial court would be conducting an evidentiary hearing and was provided with sufficient time to prepare for such a hearing.

We have reviewed the remaining arguments raised by Mendez, but conclude that they lack merit and do not warrant discussion. Accordingly, we affirm the final judgment and order on review.

Affirmed.