DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAMES C. MASSEY** and **GINA MASSEY,**
Appellants,

v.

**DEBORAH THOMAS, LEVINE-THOMAS & ASSOCIATES, LLC,**
a Florida limited liability company,
**DEBORAH THOMAS** d/b/a **US TREASURES,** an unknown entity,
and **BANK OF AMERICA, N.A.,**
Appellees.

No. 4D21-2125

[July 20, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 2019CA013035AXXXCE.

Carl A. Cascio and Gary S. Gaffney of Carl A. Cascio, P.A., Boynton Beach, for appellants.

Emily Y. Rottmann, Kimberly T. Mydock and Kathleen D. Kilbride of McGuireWoods LLP, Jacksonville, for appellee Bank of America, N.A.

WARNER, J.

The trial court dismissed appellants' third amended complaint against appellee Bank of America, N.A. ("BOA") solely because of an administrative order which it interpreted as compelling dismissal for failure to timely file an amended complaint. Because the administrative order does not require dismissal, we reverse.

Appellants filed a complaint against their accountant for theft of a tax refund. They amended their complaint to add BOA as a defendant but failed to serve it with the complaint. They then filed a second amended complaint without leave of court and served it on BOA. BOA moved to dismiss the complaint based upon several grounds, including failure to timely serve BOA with the complaints. Appellants responded, noting that the second amended complaint was the operative complaint which was served, and requested an extension of time for service to the time the

second amended complaint was actually served on BOA. The trial court granted the extension of time, but also found that the second amended complaint failed to comply with the pleading requirements of Florida Rule of Civil Procedure 1.110. The court gave appellants thirty days to file an amended complaint to correct the deficiencies.

Appellants failed to file their third amended complaint by the court-ordered deadline of February 4, 2021. Over a week after the deadline passed, appellants' counsel contacted BOA's counsel and requested an extension of a week in which to file the amended complaint. BOA's counsel agreed to an extension until February 19, and appellants' counsel filed a motion to extend to the agreed date, but the court did not enter an order on the motion.

Appellants failed to file their third amended complaint by the agreed extension. On March 2, BOA moved for dismissal with prejudice for appellants' failure to comply with the Florida Rules of Civil Procedure and the trial court's order. Because appellants' counsel had not contacted BOA for any further extensions, it alleged that the conduct was willful.

The following day, appellants filed their third amended complaint. BOA moved to dismiss with prejudice, alleging that the new complaint was still legally insufficient, and appellants already had multiple opportunities to plead their claims. In response, appellants conceded that the complaint was filed beyond the extensions but argued they had good cause for the delay, detailing the reasons, including counsel's inability to meet with appellants until February 17, at which time they were able to provide him additional documents to support their claims. In addition, during the agreed extension period, counsel received notice from his landlord to vacate the premises, necessitating moving into new offices which counsel did not complete until March 15. Counsel also conceded that on the merits, one of the claims did not state a cause of action.

At the hearing on the motion to dismiss, BOA contended that the repeated delays and failure to comply with the extension granted in the court's order showed that appellants did not have a true intent to prosecute their claims. Appellants had not only failed to file their third amended complaint within the court-ordered extension but also within the extension agreed to by BOA.

After asking appellants' counsel about the background of the case, the trial court asked counsel if he had read Florida Supreme Court Administrative Order AOSC20-23. The court recalled language in AOSC20-23 that "all court-ordered timelines or time deadlines are to be

2

strictly enforced against the attorneys . . . . Otherwise, it's going to be strictly enforced against the judge." The court also noted that under AOSC20-23, with regards to "sanction[s], it sounds like it's automatic now." The court concluded that appellants missed the court's deadline to file the third amended complaint. Therefore, the court was required to strictly enforce that deadline, and dismissal of the third amended complaint was appropriate. When questioned by BOA, the court indicated that the dismissal ordinarily would be without prejudice, but that it effectively would be "with prejudice because of the statute of limitations issue." The court did not address the reasons which counsel had provided for failing to meet the extension deadline.

The trial court later entered an order granting BOA's motion to dismiss, in which it dismissed all claims against BOA, citing AOSC20-23 and appellants' failure to strictly comply with the court-ordered deadline. The court made no findings of fact or determinations as to the substantive merits alleged in BOA's motion to dismiss.

Appellants moved for reconsideration and clarification. In their motion, appellants argued that the court should clarify its ruling as to the specific language of AOSC20-23, they had good cause for the delays, and the effect of the order was dismissal with prejudice. The trial court denied the motion. The trial court noted that under AOSC20-23, "time limits in orders are to be strictly enforced absent good cause shown," and found that no good cause existed. Appellants appeal the order of dismissal.

In view of statements made by the trial court referencing AOSC20-23, the dismissal of this action amounts to a sanction order for failure to comply with a court order. A lower court's decision to impose sanctions is reviewed under an abuse of discretion standard. *Boca Burger, Inc. v. Forum*, 912 So. 2d 561, 573 (Fla. 2005). A trial court's interpretation of an administrative order is reviewed de novo. *State v. Lowery*, 319 So. 3d 118, 120 (Fla. 3d DCA 2021).

On April 6, 2020, the Florida Supreme Court issued Florida Supreme Court Administrative Order AOSC20-23 regarding comprehensive COVID-19 emergency measures for Florida trial courts. *In re: Comprehensive Covid-19 Emergency Measures for Florida Trial Courts*, Fla. Admin. Order No. AOSC20-23 (April 6, 2020) (on file with clerk, Fla. Sup. Ct.). The order requires Florida trial courts to implement certain procedures to mitigate the effects of the public health emergency and to keep courts operating at the fullest extent consistent with public safety.

3

A year later, the supreme court amended AOSC20-23 (the twelfth amendment to the order) to revise Section III.G., relating to civil case management requirements. *In re: Comprehensive Covid-19 Emergency Measures for Florida Trial Courts*, Fla. Admin. Order No. AOSC20-23 Amendment 12 (April 13, 2021) (on file with clerk, Fla. Sup. Ct.). This amendment required chief judges of the trial courts to issue administrative orders that would take effect April 30, 2021, and would require the presiding judge for each civil case to manage civil cases in a specific manner.[1]

The order required presiding judges to: (1) determine whether each civil case was complex, streamlined, or general; (2) issue a case management order for each streamlined and general civil case that "at a minimum" specifies certain deadlines and indicates that "the deadlines established in the order will be strictly enforced by the court;" and (3) establish maximum periods within which the deadlines shall be set. For cases not subject to a statutory stay or a moratorium, and which were filed before April 30, 2021, the presiding judge should issue a case management order by December 2021. In addition, the chief judge's administrative order:

> Shall direct all judges within their circuits to strictly comply with Florida Rule of General Practice and Judicial Administration 2.545(a), (b), and (e), which respectively *require judges to conclude litigation as soon as it is reasonably and justly possible to do so, to take charge of all cases at an early stage and to control the progress of the case thereafter until it is determined, and to apply a firm continuance policy allowing continuances only for good cause shown.*

*Id.* at III.G.(2) (emphasis added).

The plain language of the supreme court's order AOSC20-23 directed the trial court to "strictly comply" with the Florida Rules of General Practice and Judicial Administration by concluding litigation "as soon as it is reasonably and justly possible to do so" and by applying "a firm continuance policy allowing continuances only for good cause shown." As clearly stated, the order applies to continuances, not to every order setting a time for performance. In trial procedure, a "continuance" has been defined as "[t]he adjournment or postponement of a trial or other

---

[1] In accordance with AOSC20-23, the Chief Judge of the Seventeenth Judicial Circuit issued his own administrative order on April 30, 2021. *See* Fla. Admin. Order AO2021-19-CIV (on file with clerk, Fla. 17th Cir. Ct.). The order essentially implemented all the directives required by AOSC20-23.

proceeding to a future date." *Continuance*, BLACK'S LAW DICTIONARY (11th ed. 2019). No language in the order required or authorized the trial court to automatically dismiss the case, effectively with prejudice, for failure to adhere to a court-ordered deadline in contravention of prevailing law.

*Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), establishes the process which a trial court must follow to dismiss a case as a sanction for failure to adhere to a deadline. In *Kozel*, similar to this case, a trial court dismissed the plaintiff's complaint with leave to amend, but the plaintiff did not file the complaint within the time allowed by the court, or the extended time agreed to by the defendant. The trial court then dismissed the complaint with prejudice. Reaching the supreme court on a conflict between the districts, the court held that the sanction of dismissal for the attorney's negligence may have been too severe and remanded for the court to consider the sanction under criteria that the court enumerated:

> In our view, though, the court's decision to dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote. The purpose of the Florida Rules of Civil Procedure is to encourage the orderly movement of litigation. Fla. R. Civ. Pro. 1.010. This purpose usually can be accomplished by the imposition of a sanction that is less harsh than dismissal and that is directed toward the person responsible for the delayed filing of the complaint. *Clay* [*v. City of Margate*, 546 So. 2d 434 (Fla. 4th DCA 1989)].
>
> > Dismissal "with prejudice" in effect disposes of the case, not for any dereliction on the part of the litigant, but on the part of his counsel. We are not unmindful of the rule that counsel is the litigant's agent and that his acts are the acts of the principal, but since the rule is primarily for the governance of counsel, dismissal "with prejudice" would in effect punish the litigant instead of his counsel.
>
> *Beasley v. Girten*, 61 So. 2d 179, 181 (Fla. 1952). Because dismissal is the ultimate sanction in the adversarial system, it should be reserved for those aggravating circumstances in which a lesser sanction would fail to achieve a just result.
>
> This Court is vitally concerned with the swift administration of justice at both the trial and appellate levels. In the interest of an efficient judicial system and in the interest of clients, it

5

is essential that attorneys adhere to filing deadlines and other procedural requirements. *However, a fine, public reprimand, or contempt order may often be the appropriate sanction to impose on an attorney in those situations where the attorney, and not the client, is responsible for the error.* To assist the trial court in determining whether dismissal with prejudice is warranted, we have adopted the following set of factors set forth in large part by Judge Altenbernd: 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration. Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.

*Id.* at 818 (emphasis supplied) (footnote omitted).

The trial court's interpretation of the administrative order to require strict compliance with time deadlines or face dismissal would conflict with *Kozel.* But, as was made clear in *Puryear v. State,* 810 So. 2d 901 (Fla. 2002):

[The Florida Supreme] Court does not intentionally overrule itself sub silentio. Where a court encounters an express holding from this Court on a specific issue and a subsequent contrary dicta statement on the same specific issue, the court is to apply our express holding in the former decision until such time as this Court recedes from the express holding.

*Id.* at 905.

Because the trial court misinterpreted the administrative order as requiring strict compliance without regard to *Kozel,* it erred. We thus reverse and remand for the court to reconsider the motion to dismiss in light of the *Kozel* factors and to determine if dismissal is an appropriate sanction. *See Ham v. Dunmire,* 891 So. 2d 492, 500 (Fla. 2004) ("[A] trial court's failure to consider the *Kozel* factors in determining whether

6

dismissal was appropriate is, by itself, a basis for remand for application of the correct standard.").

*Reversed and remanded.*

FORST and ARTAU, JJ., concur.

\*       \*       \*

**_Not final until disposition of timely filed motion for rehearing._**