BARKDULL, Judge.
This prohibition proceeding involves the effect of the recent change in Rule 1.-420(e), Florida Rules of Civil Procedure (1968), 30 F.S.A., which reads as follows:
“(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, orcler of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.”
*478 Pursuant to the provisions of the Rule, the relator [defendant in the trial court] filed a motion to dismiss the action therein for failure to prosecute within the period set forth in the Rule and served a notice of a hearing and an amended notice of hearing on said motion. The time lapse from the original filing of the motion to the date of the hearing was 28 days. Plaintiff failed to file, at any time prior to the hearing on the motion, any “response” showing good cause for failure to prosecute within the twelve-month period. At the time the motion came on to be heard, the trial court entered an order of dismissal in words and figures as follows:
* % * *
“THE ABOVE CAUSE came on before this Court upon Defendant’s Motion to dismiss the cause for lack of prosecution and the Defendant having been given reasonable notice and having failed to show good cause in writing why the action should remain pending at least five (5) days before the hearing upon the motion, and it appearing affirmatively to the Court from the court file that no action has been taken by the filing of pleadings or order of court or otherwise for a period of one year, wherefore, it is,
“ORDERED AND ADJUDGED that this cause, be, and the same, is hereby DISMISSED in Accordance with Rule 1.420(e), as amended effective midnight, September 30, 1968.”
% jfc ife % >fc #
Three days later, plaintiff filed a motion to reinstate, which motion was granted. The cause was reinstated and the matter set for trial. ’The defendant, as relator in this court, then filed an original proceeding suggesting the issuance of a writ of prohibition, contending that the trial court was without authority to reinstate the matter. We issued the rule nisi and, following the filing of briefs on behalf of the respondent, the matter came on for hearing before the court, following which we have determined that the rule should be made absolute.
It was the holding of the Supreme Court of Florida, under the old procedure, that when the thirty days for reinstatement had expired the trial court was without power to reinstate a cause. See: Ivy H. Smith Co. v. Moccia, Fla.1952, 59 So.2d 629; B&L Trucking Co. v. Loftin, Fla.1953, 63 So.2d 276; Bowyer v. Cannon, Fla.1953, 68 So.2d 564; Morrison v. Chambers, Fla., 82 So.2d 594. Prohibition is an appropriate remedy to prevent an inferior tribunal from exercising a jurisdiction it does not possess or one that has expired. State v. Trammell, 140 Fla. 500, 192 So.2d 175; Bowyer v. Cannon, supra; State ex rel. Huntley Bros., Inc. v. Gooding, Fla.App. 1963, 149 So.2d 55. Therefore, we find that the relator has sought an appropriate remedy to seek redress against the action by the trial court and is entitled to relief.
It is apparent from a review of the motion to reinstate, filed by the plaintiff in the trial court after the order of dismissal, that he did not seek relief pursuant to the provisions of Rule 1.540, Florida Rules of Civil Procedure, 31 F.S.A. but merely sought reinstatement on alleged grounds of good cause. This opinion is not to be construed as making any determination of what would be the effect if a motion had been filed in the instant case under Rule 1.540, Florida Rules of Civil Procedure, rather than merely setting up alleged good cause.
Therefore, for the reasons above stated, the prayer for a rule absolute in prohibition is granted. However, the formal issuance of the rule shall be withheld unless it becomes necessary to issue it.