ON MOTION TO DISMISS
SPECTOR, Judge.
Appellees, defendants below, in an automobile negligence case, seek dismissal of this appeal to review an order denying appellant’s motion made in the trial court seeking relief from an order dismissing her complaint for failure to prosecute the same. The said motion asserted several alternative theories upon which the appellant relied.
Appellees bottom their motion to dismiss the appeal on the ground that the order sought to be reviewed herein is nonappealable, and therefore this court lacks jurisdiction. Appellees’ contention in this regard is premised on the wording of appellant’s notice of appeal indicating that its purpose is “ * * * to review the order denying said plaintiff’s motion for '•ehear-ing, for reinstatement of the case and relief from order of dismissal dated December 2, 1969. * * *”
The cases and argi- mentation advanced by appellees in support of the motion direct *538 this court’s attention to the body of cases holding that an appeal from an order denying a motion or petition for rehearing will not lie. Representative of such cases is Finley v. Finley, Fla., 103 So.2d 191, and Young Adults for Progressive Action, Inc. v. B & B Cash Grocery Stores, Inc., Fla., 157 So.2d 809. The rule elaborated upon in such cases is the controlling law of this jurisdiction. Were appellant’s notice of appeal directed to only that portion of the trial court’s order denying rehearing, we would be inclined to grant appellees’ motion to dismiss this appeal. However, the order sought to be reviewed herein is broader in scope than that which appellees represent unto this court. Appellant’s motion below included a prayer for relief under Rule 1.-540(b), F.R.C.P., 31 F.S.A., by which appellant sought to be relieved from the final order dismissing her complaint for failure to prosecute on the ground that the said dismissal order was entered as a result of excusable neglect. The order denying appellant’s motion for relief denied appellant’s request for rehearing under Rule 1.530 and reinstatement under Rule 1.420(e), 30 F.S. A. But, the order did not stop there; it also denied relief under Rule 1.540(b). Since relief under the latter rule may be sought within a reasonable time not to exceed one year, it cannot be said that appellant’s motion in that respect was not timely nor that review of an order granting or denying relief under Rule 1.540 may not be reviewed on appeal. See Odum v. Morningstar, 158 So.2d 776 (Fla.App. 1963), and State ex rel. Avery v. Williams, 222 So.2d 477 (Fla.App.1969), in which the court distinguished motions for relief pursuant to Rule 1.540 and motions attempting reinstatement of a cause dismissed for failure to prosecute under Rule 1.420(e).
Accordingly, we hold that appel-lees’ motion to dismiss this appeal insofar as it seeks review of the lower court’s order denying rehearing or reinstatement under Rule 1.420(e) is well founded and is therefore partially granted. However, to the extent that the notice of appeal seeks review of the lower court’s order denying relief under Rule 1.540(b), appellees’ motion to dismiss is denied.
Inasmuch as we are retaining jurisdiction of this appeal to review that portion of the lower court’s order coming within the purview of Rule 1.540(b), this cause was improvidently filed as a full appeal as if from final judgment under Florida Appellate Rule 3.2 32 F.S.A. The order reviewed being post-decretal in nature, this appeal should have been filed under Appellate Rule 4.2, relating to interlocutory appeals. In keeping with our ruling in Crepaldi v. Wagner, 128 So.2d 759 (Fla.App. 1961), we hold that this appeal shall be treated as an interlocutory appeal.
JOHNSON, C. J., and WIGGINTON, J., concur.