SPECTOR, Judge.
Appellant, defendant below in a suit to foreclose certain chattel mortgage and security instruments, seeks reversal of an order denying a motion to set aside an order of commitment, writ of attachment, and order holding him in contempt, all of which resulted from his refusal to comply with the trial court’s order requiring him to deliver certain personal property to the *31 receiver appointed in the foreclosure action.
The gist of appellant’s motion to set aside the above referenced orders was that the trial court had no jurisdiction to enter such orders inasmuch as the order upon which they were predicated was entered on the same day of the final judgment and was not served upon him personally, the same having been mailed to his attorney.
The pertinent events and dates on which they occurred in the trial court are as follows. On September 23, 1968, the appellant was ordered to assemble and deliver certain collateral under the instruments sued upon to the receiver. Appellant failed to comply with the court’s order to deliver and thereupon, on November 13, 1968, the lower court adjudged appellant to be in contempt but allowed him fifteen days within which to purge himself of the charge by complying with the earlier order to deliver. Appellant failed to avail himself of the opportunity to purge himself, and on April 30, 1969, a final judgment of foreclosure was entered in favor of the ap-pellee-plaintiff. The said final judgment provided that if the sums adjudged to be due the plaintiff under the complaint were not paid within five days thereof, the clerk of the circuit court was directed to sell the mortgaged property described in the final judgment on May 19, 1969, in accordance with the provisions of Chapter 702, Florida Statutes, F.S.A.
On April 30, 1969, the trial court entered its order ruling that the appellant was in continued contempt of court for failure to comply with the court’s earlier orders requiring delivery of property to the receiver; and in consequence thereof, appellant was ordered to appear before the court on May 26, 1969, to be sentenced for contempt of court or to show cause why sentence should not be imposed. The said order to appear does not appear to have been served personally upon appellant. Rather, a certificate of service was filed by counsel for appellee on May 28, 1969, certifying that on April 30, 1969, the order to appear was served on the attorney for defendant by mail. The same attorney who represented appellant in the trial court represents him in this appeal and was the recipient of the service by mail of the order to appear dated April 30, 1969. Appellant failed to appear on May 26 as he was required to do by the court’s April 30 order. Accordingly, on May 28, the trial court entered its order of contempt, order of commitment and writ of attachment. It is clear from a reading of the May 28 order that it is but a reiteration of the court’s earlier contempt order of November 13, 1968, except for reference therein to the appellant’s failure to purge himself of contempt by his continued failure to deliver the property to the receiver as initially ordered. The order of commitment also entered on May 28 provided for the confinement of appellant for the period of 90 days in the county jail and further provided for release from confinement upon payment by him of the sum adjudged due appellee from him or by delivery of the property involved to the receiver.
Appellant was arrested on September 4, 1969, pursuant to the May 28 orders. The next day, September 5, appellant filed a petition to set aside the orders of May 28, stating several grounds therefor each of which have been abandoned on this appeal except the ground contending that the court was without jurisdiction to enter the May 28 orders because the earlier order of April 30 commanding appellant to appear was entered after the final judgment in the cause and was served upon appellant’s attorney rather than upon appellant himself.
Upon denial of appellant’s order to set aside, this appeal ensued to review the said order of denial. Shortly after the filing of the notice of appeal herein, appel-lee moved for dismissal contending that the appeal was not timely filed since it actually seeks review of the May 28 orders which were entered in excess of 30 days prior to the notice of appeal. At the time of appel-lee’s motion to dismiss, we deferred ruling *32 thereon inasmuch as the record on appeal had not yet been transmitted to this court; and on the basis of the papers before us, we were unable to rule upon appellee’s contention that this court was without jurisdiction to consider this appeal. Appel-lee’s motion to dismiss must be denied. A review of the record makes it clear that appellant’s petition to set aside the May 28 orders comes within the purview of Rule 1.540(b), Florida Rules of Civil Procedure, 31 F.S.A., the gist of appellant’s assault on the May 28 orders being that the same are void for want of jurisdiction. The court below did have jurisdiction under the cited rule to entertain appellant’s petition to set aside the May 28 orders, and under our practice an order either granting or denying a petition or motion under the cited rule is reviewable on appeal. Odum v. Morningstar, 158 So.2d 776 (Fla.App.1963); State ex rel. Avery v. Williams, 222 So.2d 477 (Fla.App.1969); and our recent opinion in Frank v. Amara, Fla.App., 235 So.2d 537, Opinion filed May 26, 1970.
While we hold that we do have jurisdiction to entertain the instant appeal, it is our ruling that the order appealed from herein, that is, the order refusing to set aside the May 28 orders of contempt, attachment, and commitment, must be affirmed. Appellant’s contention that the order of April 30 requiring appellant to appear had no efficacy because it was served on his attorney rather than himself is without merit. It is clear that the judicial labors in the foreclosure action had not terminated on April 30, the date on which both the final judgment and the order to appear were entered. Examination of the final judgment itself demonstrates that there were things remaining to be done in the case such as the sale of the mortgaged property and the confirmation thereof. Thus, the final judgment of foreclosure did not terminate the action. Coe v. Finlayson, 41 Fla. 169, 26 So. 704 (1899). In those circumstances, it is perfectly proper for the order to appear to have been served on appellant’s counsel inasmuch as the action had not yet been terminated nor does it appear had appellant’s counsel terminated his representation. The latter rule providing for service of papers upon a party’s attorney where the cause is pending or not yet concluded was recognized by the court in Ginsberg v. Ginsberg, 122 So.2d 30 (Fla.App.1960).
Accordingly, we hold that service of the April 30 order by mail upon the appellant’s attorney, by which appellant was required to appear before the court to answer for his contemptuous conduct, was' valid and effective notice; and the trial court thereby had jurisdiction to enter the orders which were sought to be vacated below. Thus, the trial court’s order denying appellant’s motion to vacate filed under Rule 1.-540(b) was not erroneous.
Affirmed.
JOHNSON, C. J., and WIGGINTON, J., concur.