472 So.2d 768 (1985)
Dennis C. PAEDAE, Jr., As Personal Representative of the Estate of Benjamin A. Easter, Deceased, and Mfa Insurance Company, Appellants,
v.
Janice L. VOLTAGGIO and Mark Joseph Horan, Appellees.
No. AZ-446.
District Court of Appeal of Florida, First District.
June 13, 1985.
Rehearing Denied August 6, 1985.
Joe J. Harrell, of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellants.
Thomas E. Wheeler, Jr., of Bell, Hahn & Schuster, Pensacola, for appellees.
THOMPSON, Judge.
This is an appeal from a judgment which ensued after the trial judge set aside his prior order of dismissal for failure to prosecute. Appellants, the defendants below, allege that the trial court erred in determining that the plaintiffs had shown good *769 cause for their failure to prosecute and in issuing an order setting aside the dismissal and reinstating the case. We agree and reverse.
The dismissal for failure to prosecute was proper, and since appellees failed to demonstrate good cause for the lack of any record activity for more than one year, the case should not have been reinstated and should not have proceeded to trial.
Appellees Voltaggio and Horan were the plaintiffs below. They were involved in a traffic accident with the decedent Easter in December 1978 in Pensacola. In April 1979 appellees filed suit in Escambia County alleging that Easter had negligently operated his motor vehicle causing the collision with them. Easter and his insurer, MFA Insurance Company, both filed answers in May 1979. In January 1981 Voltaggio filed answers to a set of interrogatories propounded by defendants, and in January 1982 appellees moved to add their employer as a plaintiff.
After approximately 13 more months passed, appellants submitted a motion pursuant to Fla.R.Civ.P. 1.420(e) asking the court to dismiss the action for appellees' failure to prosecute, and alleging that "it appears on the face of the record that no activity by the filing of pleadings, order of court or otherwise has occurred since January 11, 1982, and more than one year has elapsed without affirmative action in the case." The court agreed that it did not appear from the record that the action had been prosecuted for one year and ordered appellees to show good cause why the action should not be dismissed.
Appellees filed a "showing of good cause" stating that their attorney's secretary had failed to notify him of the status of the case and that appellee Horan had been uncooperative in complying with discovery. The judge issued an order setting aside the dismissal and reinstating the case which eventually proceeded to trial.
Both parties agree that there was no record activity for over one year. The issue before us is whether the trial judge properly reinstated the case based on the reasons submitted by appellees for the delay.
The "good cause" offered by appellees for the failure to prosecute is not sufficient. Neither office errors nor inadvertence, nor lack of cooperation by a plaintiff have been held to constitute good cause. Railway Express Agency, Inc. v. Hoagland, 62 So.2d 756 (Fla. 1953) (no good cause shown by plaintiff's lengthy absence in Europe, necessity for detailed audit before trial or attorney's inadvertent delay); Shanley v. Allen, 346 So.2d 548 (Fla. 1st DCA 1976) (no good cause shown by plaintiff's attorney's "misimpressions and erroneous assumptions"); Bakewell v. Shepard, 310 So.2d 765 (Fla. 2d DCA 1975) (no good cause shown by misunderstandings between attorneys); Florida Power & Light Co. v. Gilman, 280 So.2d 15 (Fla. 3d DCA 1973) (no good cause shown by office errors, attorney's inadvertent failure to prosecute or plaintiff's change of counsel); Barrentine v. Vulcan Materials Co., 216 So.2d 57 (Fla. 1st DCA 1968) (no good cause shown by litigant who was too busy or otherwise found it inconvenient to give attention to cause of action); Laug v. Murphy, 205 So.2d 695 (Fla. 4th DCA 1968) (no good cause shown where parties were negotiating but had yet to reach a settlement); Conklin v. Boyd, 189 So.2d 401 (Fla. 1st DCA 1966) (no good cause shown where secretary misfiled pleadings); Miller v. Hartley's Inc., 97 So.2d 211 (Fla. 3d DCA 1957) (no good cause shown by plaintiff's change of counsel, first attorney's refusal to surrender necessary papers, plaintiff being frequently out of town or plaintiff's attorney being busy.)
The "good cause" standard applied in failure to prosecute cases is much stricter than the "excusable neglect" standard utilized to vacate a default judgment. Appellees refer to the two areas as "analogous," but the case law makes it clear they are not. The two cases upon which appellees place their primary reliance deal with the trial judge's decision to vacate a default judgment against a defendant. *770 Wood v. Fortune Ins. Co., 453 So.2d 451 (Fla. 4th DCA 1984); Florida Aviation Academy v. Charter Air Center, Inc., 449 So.2d 350 (Fla. 1st DCA 1984). Although none of the cases so state, it seems apparent that a court would be more reluctant to deny a defendant his day in court than to impose the same sanction on a dilatory plaintiff.
Because this issue is dispositive we need not reach appellants' second point on appeal. Appellees failed to make the requisite showing of good cause why the action should remain pending, and the case should not have been reinstated. The judgment of the trial court is reversed.
MILLS and SMITH, JJ., concur.