RAMIREZ, C.J.
James E. Turner appeals an order denying rehearing on the trial court’s finding of good cause why the cause should remain pending, pursuant to Florida Rule of Civil Procedure 1.420(e). Because the plaintiff, FIA Card Services, N.A., etc., failed to file a timely showing of good cause, we reverse.
It is undisputed that there was no record activity for a period of ten months immediately preceding the trial court’s issuance of a Notice of Lack of Prosecution on November 24, 2009.[1] It is also undis *1243 puted that no record activity took place during the sixty-day period following the court’s Notice. The court refused to dismiss the action because FIA Card Services filed on February 1, 2010, a showing of good cause. The hearing on the Notice was set for February 5, 2010. Rule 1.420(e) provides that this showing of good cause must be made “at least 5 days before the hearing.” The trial court stated that the timeliness was “close enough.” We conclude that “close enough” is not “good enough.”
The Florida Supreme Court in Wilson v. Salamon, 928 So.2d 363, 368 (Fla.2005), created a bright-line rule that any filing would prevent dismissal pursuant to this rule. Likewise, any filing in the 60-day period following the notice or motion for lack of prosecution would qualify as record activity and would keep the case from being dismissed. The rule likewise specifies a bright line for providing good cause — “at least five days before the hearing.” The rule does not read more or less five days, or around five days. By filing the showing of good cause on February 1, FIA Card Services did so four days before the hearing. If this is close enough, what about February 2, three days before? We believe that, just as the Florida Supreme Court sought to impose a bright line for keeping a case from being dismissed for lack of prosecution, we should impose a bright line for showing good cause, and if the rule states “5 days,” we can require no less.
Reversed and remanded with instructions to dismiss the case without prejudice.

. FIA Card Services alleges in its brief that "[t]he matter had stalled for a period of time.”