Gerber, J.
The borrower appeals from the circuit court’s final judgment of foreclosure, which was entered after the court granted the bank’s motion to vacate an earlier final order of dismissal for lack of prosecution. The borrower argues, among other things, that the court erred in granting the bank’s motion because no record activity occurred during the sixty days after the court issued the notice of lack of prosecution, and the bank did not show good cause at least five days before the good eause hearing.
We agree with the borrower’s argument and reverse for reinstatement of the final order of dismissal. This opinion will present the procedural history before the circuit court, and then will provide our analysis.

Procedural History

In 2009, the bank filed the foreclosure action. In 2010, the borrower filed an answer and affirmative defenses. In 2011, the borrower filed a motion for leave to amend the answer and affirmative defenses. For the next two years, no further record activity occurred.
On July 30, 2013, a judge issued a notice of lack of prosecution. The notice advised the bank that no activity had occurred for a ten month period, and if no record activity occurred within sixty days following the *1040 notice’s service, the case would be dismissed pursuant to Florida Rule of Civil Procedure 1.420(e), unless the bank showed good cause in writing at least five days before a hearing as to why the court should not dismiss the case for lack of prosecution. No record activity occurred within sixty days following the notice’s service.
On August 30, 2013, the judge issued an order for the bank to show good cause in writing, at least five days before a hearing set for October 15, 2013, as to why the court should not dismiss the case for lack of prosecution.
On October 11, 2013 (four days before the hearing), the bank filed a status report stating the bank had terminated its original counsel’s services on or about August 16, 2013, and had retained new counsel. The bank requested, “[i]n the light of the foregoing ... the court find good cause to prevent the instant action from being dismissed.”
It is unclear from the record, but somehow two contradictory orders, signed by two different judges, were issued on October 15, 2013. One order, signed by the judge who set the show cause hearing, dismissed the case for lack of prosecution. Another order, signed by a different judge, declined to dismiss the case for lack of prosecution, finding “good cause shown.” No hearing transcript exists in the record to explain either of these two contradictory orders.
In August 2014 (ten months after the contradictory orders were issued), the bank filed a verified motion to vacate the order dismissing the case for lack of prosecution. The bank alleged it appeared at the October 15, 2013 hearing, the court found good cause for the case to remain open, and the court inadvertently issued an order dismissing the case for lack of prosecution. The bank argued that Florida Rule of Civil Procedure 1.540(b) authorized the court to relieve the bank from the inadvertent issuance of the order dismissing the case for lack of prosecution.
A third judge held a hearing on the bank’s motion. The following excerpt encompasses the hearing’s substance:
[BANK’S COUNSEL]: Judge, this is the [bank’s] verified motion to vacate the order of dismissal. Looks like there was a lack of prosecution hearing. [The bank] appeared at the hearing, and the Court found good cause to keep the case pending.
At the same day of the hearing, the Court also inadvertently issued a dismissal for lack of prosecution.
So, our motion is to have that dismissal set aside, due to the Court making that mistake.
We’re moving under Rule 1.540(b), on this matter, it’s a verified motion .... The docket in this matter reflects on the date of the hearing, good cause was shown, and, again, we’re just saying it was an inadvertent mistake, and also the attorney who drafted the motion, as an officer of the Court, states that good cause was shown at the hearing, and the Court stated the case would remain pending. It was just a mistake.
[BORROWER’S COUNSEL]: Your Honor, our position is that the dismissal should not be vacated.
The notice of lack of prosecution was executed July 30 of 2013. There was no record activity within 60 days after that, which is what’s required pursuant to Florida Rule of Civil Procedure 1.420. And there was also no motion ... to show good cause issued....
[BANK’S COUNSEL]: There was nothing 60 days after the lack of prosecution. That’s why the Court issued an order to show cause, and at the order to show hearing, they did find good cause, and the [borrower] is arguing for, basically, *1041 for rehearing of the order to show cause
[[Image here]]
What’s before the Court is our [1.540] motion in the case, [as to the order] which entered the dismissal, which was entered in error by the Court.
THE COURT: Okay. Got it. Granted.
The third judge, pursuant to its oral ruling, issued a written order granting the bank’s motion to vacate the dismissal.
The borrower then filed a motion to vacate the order vacating the dismissal. The borrower argued, among other things, that pursuant to Florida Rule of Civil Procedure 1.420(e), the court was required to dismiss the case because the bank failed to comply with the requirement to show good cause in writing at least five days before the good cause hearing.
The third judge entered an order denying the borrower’s motion to vacate. A fourth judge then held a non-jury trial on the foreclosure action, and entered a final judgment of foreclosure in the bank’s favor.
This appeal followed. The borrower argues the third judge erred in granting the bank’s motion to vacate dismissal because no record activity occurred during the sixty days after the first judge issued the notice of lack of prosecution, and the bank did not show good cause at least five days before the good cause hearing.

Analysis

Our review is de novo. See Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786, 790 (Fla. 2011) (“[W]e apply a de novo standard of review when the construction of a procedural rule is at issue.”)
We agree with the borrower’s argument. Florida Rule of Civil Procedure 1.420(e) (2013) states, in pertinent part:
In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court ... the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person ... unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
Fla. R. Civ. P. 1.420(e) (2013) (emphasis added).
Since 2005, our supreme court has held that rule 1.420 should be interpreted according to its plain meaning. See Wilson v. Salamon, 923 So.2d 363, 369 (Fla. 2005) (“[W]e return to the plain meaning of the rule as specifically set forth in the words of the rule as discussed above.”); Chem-rock, 71 So.3d at 792 (“Our plain meaning interpretation of the rule in Wilson remains applicable to the current rule [as amended in 2006]”).
In the instant case, no record activity occurred within the 10 months immediately preceding the service of such notice, no record activity occurred within the 60 days immediately following the service of such notice, and no stay was issued or approved prior to the expiration of such 60-day period. It was not until four days before the hearing that the bank sought to show good cause in writing why the action should remain pending. Under rule 1.420(e)’s plain meaning, the bank’s good cause showing was untimely. Therefore, the *1042 judge who issued the final order of dismissal for lack of prosecution did so properly.
Our reasoning is consistent with our sister court’s reasoning in Turner v. FIA Card Svcs., N.A., 51 So.3d 1242 (Fla. 3d DCA 2011). Given the opinion’s similarity to this case, we cite the opinion virtually in its entirety:
It is undisputed that there was no record activity for a period of ten months immediately preceding the trial court’s issuance of a Notice of Lack of Prosecution on November 24, 2009. It is also undisputed that no record activity took place during the sixty-day period following the court’s Notice. The court refused to dismiss the action because [the plaintiff] filed on February 1, 2010, a showing of good cause. The hearing on the Notice was set for February 5, 2010. Rule 1.420(e) provides that this showing of good cause must be made “at least 5 days before the hearing.” The trial court stated that the timeliness was “close enough. ” We conclude that “close enough” is not “good enough. ”
The Florida Supreme Court in Wilson v. Salamon, 923 So.2d 363, 368 (Fla. 2005), created a bright-line rule that any filing would prevent dismissal pursuant to this rule. Likewise, any filing in. the 60-day period following the notice or motion for lack of prosecution would qualify as record activity and would keep the case from being dismissed. The rule likewise specifies a bright line for providing good cause—“at least five days before the hearing,” The rule does not read more or less five days, or around five days. By filing the showing of good cause on February 1, [the plaintiff] did so four days before the hearing. If this is close enough, what about February 2, three days before? We believe that, just as the Florida Supreme Court sought to impose a bright line for keeping a case from being dismissed for lack of prosecution, we should impose a bright line for showing good cause, and if the rule states “5 days, ” we can require no less.
Id. at 1242-43 (emphasis added; footnote omitted).
Based on the foregoing, we reverse the final judgment of foreclosure and remand for reinstatement of the final order of dismissal.

Reversed and remanded for reinstatement of final order of dismissal.

Taylor and Klingensmith, JJ., concur.