DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL LESINSKI,**
Appellant,

v.

**SOUTH FLORIDA WATER MANAGEMENT DISTRICT,**
Appellee.

No. 4D17-40

[September 6, 2017]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Thomas H. Barkdull, III, Judge; L.T. Case No. 2012CA017069XXXXMB.

Christopher J. Rush of Christopher J. Rush & Associates, P.A., Boynton Beach, for appellant.

James E. Nutt, West Palm Beach, for appellee.

GERBER, C.J.

The plaintiff appeals from the circuit court's order denying his Florida Rule of Civil Procedure 1.540(b)(1) motion to vacate the court's earlier Florida Rule of Civil Procedure 1.420(e) dismissal order. The plaintiff primarily argues the court erred in denying the motion because the motion established excusable neglect for his failure to timely respond to the court's notice of lack of prosecution. We disagree with the plaintiff and affirm.

We present this opinion in three parts:
1. the procedural history;
2. our review; and
3. a detailed comparison to an analogous case.

### 1. *Procedural History*

After no record activity occurred for ten months in the underlying case, the circuit court, on August 16, 2016, entered a notice of lack of

prosecution under Florida Rule of Civil Procedure 1.420(e). Rule 1.420(e) provides, in part:

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court . . . the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60–day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person . . . unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.

Fla. R. Civ. P. 1.420(e).

The circuit court's notice set a hearing for November 9, 2016. No record activity occurred within the sixty days immediately following the service of the notice, and no stay was issued or approved before the sixty-day period expired. Instead, on November 7, 2016 (two days before the hearing), the plaintiff's counsel filed a "showing of good cause," claiming he had not been prosecuting the case because the defendant never filed an answer to the pending version of the complaint. The plaintiff's counsel also noted that his office had failed to calendar the sixty-day and five-day deadlines under rule 1.420(e).

On November 9, 2016, the circuit court held a very brief hearing. At the hearing, the plaintiff's counsel apologized for his failure to file a notice of good cause five days before the hearing, as rule 1.420(e) required. The plaintiff's counsel maintained that he was waiting for the defendant to file an answer to the pending version of the complaint. The court, without explanation, stated that the case was dismissed. The court entered a written dismissal order to that effect.

The plaintiff then filed a timely motion to vacate the dismissal order under Florida Rule of Civil Procedure 1.540(b)(1) (2016) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or *excusable*

2

*neglect . . . .*") (emphasis added). In the motion, the plaintiff's counsel alleged that, following the court's notice of lack of prosecution, the only deadline placed on his calendar was a "mandatory status conference/scheduling conference" to occur on November 9, 2016, and neither the sixty-day deadline regarding record activity, nor the five-day deadline for filing a good cause showing, was calendared or tickled. The plaintiff's counsel's paralegal signed an affidavit supporting those allegations.

The circuit court, without explanation and without an evidentiary hearing, entered an order denying the plaintiff's motion to vacate the dismissal order.

This appeal followed. The plaintiff primarily argues the court erred in denying the motion because the motion established excusable neglect for his failure to timely respond to the court's notice of lack of prosecution. The plaintiff specifically argues: (1) because the defendant did not contradict the motion's excusable neglect showing, the court should have granted the motion; and (2) at a minimum, the court erred by summarily denying the motion without an evidentiary hearing.

In response, the defendant primarily argues that the circuit court properly denied the plaintiff's motion to vacate the dismissal order, because when the plaintiff missed both the sixty-day and five-day deadlines under rule 1.420(e), the court had no discretion but to dismiss the case.

## 2. *Our Review*

To the extent the circuit court's decision was based on its consideration of the plaintiff's excusable neglect claim, we review the decision for an abuse of discretion. *See J.J.K. Int'l, Inc. v. Shivbaran*, 985 So. 2d 66, 68 (Fla. 4th DCA 2008) ("Our standard of review of an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court's discretion.") (citation omitted). To the extent the circuit court's decision was based on a construction of the rules at issue, our review is de novo. *See Chemrock Corp. v. Tampa Elec. Co.*, 71 So. 3d 786, 790 (Fla. 2011) ("[W]e apply a de novo standard of review when the construction of a procedural rule is at issue.").

As an initial matter, we recognize our longstanding holding that "where inaction results from clerical or secretarial error, reasonable misunderstanding, a system gone awry or any other of the foibles to which

human nature is heir, then upon timely application accompanied by a reasonable and credible explanation[,] the matter should be permitted to be heard on the merits." *Somero v. Hendry General Hosp.,* 467 So. 2d 1103, 1106 (Fla. 4th DCA 1985).

Despite this prior holding, we conclude that the plaintiff's argument lacks merit. We reason that allowing the circuit court's rule 1.420(e) dismissal order to be vacated under rule 1.540(b)(1) due to the plaintiff's counsel's excusable neglect, even if uncontradicted, would eviscerate the application of rule 1.420(e)'s bright-line deadlines in this case.

Since 2005, our supreme court has held that rule 1.420 should be interpreted according to its plain meaning. *See Wilson v. Salamon,* 923 So. 2d 363, 369 (Fla. 2005) ("[W]e return to the plain meaning of the rule as specifically set forth in the words of the rule as discussed above."); *Chemrock,* 71 So. 3d at 792 ("Our plain meaning interpretation of the rule in *Wilson* remains applicable to the current rule [as amended in 2006].").

In the instant case, no record activity occurred within the ten months immediately preceding the service of such notice, no record activity occurred within the sixty days immediately following the service of such notice, and no stay was issued or approved before the sixty-day period expired. It was not until two days before the hearing that the plaintiff's counsel sought to show good cause in writing why the action should remain pending.

Under rule 1.420(e)'s plain meaning, the plaintiff's counsel's good cause showing was untimely. Therefore, the circuit court properly issued the dismissal order. We rely on our sister court's reasoning in *Turner v. FIA Card Svcs., N.A.,* 51 So. 3d 1242 (Fla. 3d DCA 2011):

> Rule 1.420(e) provides that this showing of good cause must be made "at least 5 days before the hearing." . . . *We conclude that "close enough" is not "good enough."*

> The Florida Supreme Court in *Wilson v. Salamon,* 923 So. 2d 363, 368 (Fla. 2005), created a bright-line rule that *any* filing would prevent dismissal pursuant to this rule. Likewise, any filing in the 60–day period following the notice or motion for lack of prosecution would qualify as record activity and would keep the case from being dismissed. The rule likewise specifies a bright line for providing good cause – "at least five days before the hearing." The rule does not read more or less five days, or around five days. . . . *We believe that, just as the*

4

> *Florida Supreme Court sought to impose a bright line for keeping a case from being dismissed for lack of prosecution, we should impose a bright line for showing good cause, and if the rule states "5 days," we can require no less.*

*Id.* at 1243 (emphasis added); *accord Held v. U.S. Bank Nat'l Assoc.*, 217 So. 3d 1039, 1042 (Fla. 4th DCA 2017).

The plaintiff's argument in the instant case seeks to blur, if not erase, rule 1.420(e)'s bright lines, by allowing the plaintiff, whose counsel received a proper rule 1.420(e) notice of lack of prosecution, to miss rule 1.420(e)'s deadlines, and then seek relief from the resulting dismissal order by arguing excusable neglect under rule 1.540(b)(1). We will not allow such an exception based on our review of the record of this case. Therefore, whether applying the abuse of discretion standard of review or the de novo standard of review, we agree with the circuit court's decision to deny the plaintiff's rule 1.540(b)(1) motion to vacate the court's earlier rule 1.420(e) dismissal order.

Our conclusion is not the first time in which an appellate court has concluded that a case should not be reinstated under rule 1.540(b) after the case had been dismissed for lack of prosecution under rule 1.420(e). *See Carmine v. Wall*, 309 So. 2d 23, 23-24 (Fla. 2d DCA 1975) ("After carefully reviewing the briefs of counsel and examining the appellee's motion and evidence presented in support thereof before the trial court, we find the same fall short of establishing any of the grounds which could afford the appellee (plaintiff below) relief under RCP 1.540(b)."). Although our sister court's reasoning is brief, we recognize its precedential value for supporting our conclusion in the instant case.

### 3. *An Analogous Case*

An analogous and more detailed case supporting our conclusion is *CPI Mfg. Co. v. Industrias St. Jack's, S.A. De C.V.*, 870 So. 2d 89 (Fla. 3d DCA 2003). *CPI* discusses the interaction between an earlier version of rule 1.420(e) and Florida Rule of Civil Procedure 1.090(b)(2), which also refers to "excusable neglect."

In *CPI*, after the plaintiff sued the defendant, a period of one year without record activity occurred. The defendant filed a motion to dismiss for failure to prosecute under rule 1.420(e), which in 2002 provided:

> All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or

5

otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

Fla. R. Civ. P. 1.420(e) (2002).

Four days before the hearing on the defendant's motion, the plaintiff's counsel filed, among other things, a motion for nunc pro tunc extension of time under rule 1.090(b)(2), which in 2002 provided:

When an act is required or allowed to be done at or within a specified time by order of court, by these rules, or by notice given thereunder, for cause shown the court at any time in its discretion . . . (2) upon motion made and notice after the expiration of the specified period, may permit the act to be done when failure to act was the result of *excusable neglect,* but it may not extend the time for making a motion for new trial, for rehearing, or to alter or amend a judgment; making a motion for relief from a judgment under rule 1.540(b); taking an appeal or filing a petition for certiorari; or making a motion for a directed verdict.

Fla. R. Civ. P. 1.090(b)(2) (2002) (emphasis added). In the motion, the plaintiff's counsel alleged that, due to a mix-up in his office, his office failed to file a notice of unavailability and motion for extension of time during the one-year inactivity period. The request included a supporting affidavit from his secretary/paralegal. However, the plaintiff never availed itself of rule 1.420(e)'s option of showing good cause.

The trial court held the hearing on the defendant's motion to dismiss and the plaintiff's motion for nunc pro tunc extension of time. The trial court denied the plaintiff's motion, and entered a final judgment of dismissal.

On appeal, the plaintiff contended the trial court erred by not applying the provisions of rule 1.090(b)(2) to extend the one-year time limitation in rule 1.420(e). The defendant responded that rule 1.090(b)(2)'s permissive

time enlargement should not be available to extend rule 1.420(e)'s mandatory one-year failure to prosecute period.

Our sister court affirmed, reasoning, in pertinent part:

> Rule 1.420 is a mandatory rule. Unless a party can satisfy the exceptions provided for in the rule, it specifically states "shall dismiss," and there is no discretion on the trial court's part if it is demonstrated to the trial court that no action toward prosecution has been taken within a year.
>
> In addition, the resolution of a motion to dismiss for failure to prosecute involves a two-step process. First, the defendant is required to show there has been no record activity for one year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should remain pending. [The plaintiff here] would have us rewrite the rule to change the "good cause" criteria to an "excusable neglect" standard.
>
> . . . However, we agree with [the defendant] that if we relieve [the plaintiff] from the mandatory dismissal under rule 1.420(e), we are effectively deleting the "good cause" showing provision of rule 1.420(e). Basically, [under the plaintiff's position,] a party who fails to make a timely written good cause showing five days before a hearing on a failure to prosecute motion to dismiss can then avoid dismissal simply by filing a motion for nunc pro tunc enlargement of time. There is no support for [the plaintiff's] position, nor do we find it logical.
>
> . . . .
>
> In sum, dismissal here was properly entered because there was no prosecution for a period of one year or more. [The plaintiff] showed no good cause in writing at least five days prior to the hearing on the motion to dismiss for failure to prosecute as to why the action should remain pending. As such, the trial court did not abuse its discretion in entering the two orders under review. Accordingly, where no good cause is shown, the trial court is bound to dismiss the case.

870 So. 2d at 91-93 (footnote and citations omitted).

Our sister court's reasoning applies equally here to the interaction between the current version of rule 1.420(e) and rule 1.540(b)(1). To paraphrase our sister court, if we relieve the plaintiff from the mandatory dismissal under rule 1.420(e) because of excusable neglect as alleged here, we are effectively deleting the current rule 1.420(e)'s deadlines. We would be allowing the plaintiff, who did not satisfy any of rule 1.420(e)'s deadlines, to avoid dismissal simply by filing a rule 1.540(b)(1) motion to vacate the dismissal on the basis of the alleged excusable neglect. No support for the plaintiff's position exists under the facts of this case or in case law, nor do we find it logical.

### *Conclusion*

Based on the foregoing, we affirm the circuit court's order denying the plaintiff's rule 1.540(b)(1) motion to vacate the court's earlier rule 1.420(e) dismissal order.[1]

*Affirmed.*

WARNER and DAMOORGIAN, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] By our conclusion in the instant case, we do not mean to suggest that a party who has *not* received a proper rule 1.420(e) notice of lack of prosecution, or who argues that rule 1.420(e)'s conditions do *not* exist, is precluded from seeking relief from the resulting dismissal order under Florida Rule of Civil Procedure 1.540(b). *See Coral Gables Imports, Inc. v. Suarez*, 219 So. 3d 101, 103-04 (Fla. 3d DCA 2017) ("[The plaintiff] correctly moved to vacate the dismissal order as void, pursuant to Florida Rule of Civil Procedure 1.540(b)(4), where the court entered the dismissal order [under rule 1.420(e)] *without notice and the record reflected record activity.*") (emphasis added); *Metro Obras, Inc. v. F.D.I.C.*, 611 So. 2d 1356, 1356 (Fla. 3d DCA 1993) ("[T]he trial court set aside a dismissal for lack of prosecution on the ground that *the plaintiff had not been given appropriate notice.* This order was properly entered pursuant to Fla. R. Civ. P. 1.540(b) and is therefore affirmed. The merits of a dismissal under Fla. R. Civ. P. 1.420(e) remain to be decided below.") (emphasis added; citations omitted). We agree with our sister court's opinions on those facts.