# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 6D2023-2726
Lower Tribunal No. 2020-CC-000977-001-XX

———————————————

EUGENE HAMLIN,

Appellant,

v.

SHAUGHNESSY OVERLAND EXPRESS, INC.,

Appellee.

———————————————

Appeal pursuant to Fla. R. App. P. 9.130 from the County Court for Collier County.
Tamara Lynne Nicola, Judge.

February 21, 2025

NARDELLA, J.

Eugene Hamlin appeals an order granting Shaughnessy Overland Express, Inc.'s ("SOEX") motion to vacate the order dismissing the case for lack of prosecution, vacating the dismissal order, and ordering the case to proceed. Hamlin contends that the trial court erred by granting the motion to vacate because a Florida Rule of Civil Procedure 1.540(b)(1) motion based upon excusable neglect can never apply to setting aside orders dismissing a case for lack of prosecution in accordance with Florida Rule of Civil

Procedure 1.420(e). Based upon the plain language of rule 1.540(b) and rule 1.420(e), we disagree.[1]

The facts of this case are largely undisputed. SOEX initiated suit against Hamlin but failed to actively prosecute its case. The trial court issued a Notice of Lack of Prosecution/Court's Motion to Dismiss/Notice of Hearing/Order Setting Status Conference ("Notice") setting a hearing and notifying the parties that if no record activity occurred within sixty days following service of the Notice, the action would be dismissed

_____

[1] Florida Rule of Civil Procedure 1.420(e) addresses the failure to prosecute:

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

Florida Rule of Civil Procedure 1.540(b)(1) provides that, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, decree, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . ."

unless there was a showing of good cause in writing at least five days before the scheduled hearing. SOEX did not appear at the hearing. In its subsequent order, the court found that the Notice was properly served, there was no record activity during the ten months preceding service of the Notice, there was no record activity during the sixty days following service of the Notice, no stay was issued or approved, and there was no showing of good cause why the action should remain pending. Accordingly, the trial court dismissed the case for lack of prosecution.

Approximately two months later, SOEX filed a verified motion to vacate the order dismissing the case for lack of prosecution. The motion was made under Florida Rule of Civil Procedure 1.540(b)(1), asserting excusable neglect as the reason for vacating the dismissal order. Counsel for SOEX did not dispute that it failed to appear at the dismissal hearing but indicated that the dates (which include the deadline for necessary record activity, the dismissal hearing date, and the five day deadline prior to the hearing date to show good cause in writing) were not properly calendared due to an administrative error. Hamlin responded that a dismissal pursuant to rule 1.420(e) could never be set aside by showing excusable neglect under rule 1.540(b)(1). The trial court rejected Hamlin's argument and, accepting as true counsel for SOEX's statement of excusable neglect, vacated the order of dismissal. Hamlin presents the same pure legal question on appeal as

he did below—whether a dismissal under rule 1.420(e) can ever be vacated under rule 1.540(b).[2]

The Fourth District Court of Appeal has directly addressed the question at hand. In *Lesinski v. South Florida Water Management District*, 226 So. 3d 964, 968 (Fla. 4th DCA 2017), the Fourth District determined that a rule 1.540(b)(1) motion based upon excusable neglect could not be utilized to set aside an order dismissing a case for lack of prosecution. The court reasoned that relieving "the plaintiff from the mandatory dismissal under rule 1.420(e) because of excusable neglect [would be] effectively deleting the current rule 1.420(e)'s deadlines" and "would be allowing the plaintiff, who did not satisfy any of rule 1.420(e)'s deadlines, to avoid dismissal simply by filing a rule 1.540(b)(1) motion to vacate the dismissal on the basis of the alleged excusable neglect." *Id.* at 968–69.

We disagree with our sister court's analysis. Rule 1.420(e) and rule 1.540(b)(1) outline different procedures to govern different stages of a case. Each rule must be given its plain and ordinary meaning. Rule 1.420(e) outlines the circumstances that can lead to a dismissal if a party fails to prosecute its case. By its plain language, rule 1.420(e) does not preclude setting aside an order of dismissal entered thereunder. Rule 1.540(b)(1), by

---

[2] The issue presented is a legal question and as such, the de novo standard of review applies. *Chemrock Corp. v. Tampa Elec. Co.*, 71 So. 3d 786, 790 (Fla. 2011) ("[W]e apply a de novo standard of review when the construction of a procedural rule is at issue.").

4

its plain language, does not restrict which final orders may be set aside[3] and allows for the vacation of a dismissal order based upon a finding of excusable neglect (here, for the failure to calendar the dismissal hearing). Importantly, rule 1.540(b)(1) does not address the failure to advance record activity in the ten months preceding the notice of inactivity or the sixty days thereafter as contemplated by rule 1.420(e).

With that in mind, rule 1.540(b)(1) here required only that the trial court determine whether there was excusable neglect for SOEX's failure to appear at the lack of prosecution hearing. The court, having found that excusable neglect existed, properly vacated the dismissal order. However, the vacation of the dismissal order does not result in the case automatically going forward on the merits and does not remove SOEX's obligation to show good cause for why its case should not be dismissed for lack of prosecution under rule 1.420(e).

Simply put, SOEX is not yet out of the woods. On remand, it is placed back in the position of having no record activity for the ten months preceding the Notice or for the sixty days after the Notice was provided. The motion to dismiss is pending. The rule 1.420(e) hearing must be reset. SOEX will then have up to five days prior to that hearing

---

[3] An order dismissing an action without prejudice that has an effect of finality is considered a final order. *See, e.g.*, *Bay Park Towers Condo. Ass'n, Inc. v. Triple M. Roofing Corp.*, 55 So. 3d 591, 591 (Fla. 3d DCA 2010) ("Appellate courts have uniformly treated a dismissal for lack of prosecution as a final order for purposes of appeal."); *Martinez v. Collier Cnty. Pub. Schs.*, 804 So. 2d 559, 560 (Fla. 1st DCA 2002) ("Dismissal without prejudice is final if its effect is to bring an end to judicial labor.").

to provide, in writing, its reasons for its lack of prosecution, which must be considered under the higher good cause standard of rule 1.420(e).[4] *See Paedae v. Voltaggio*, 472 So. 2d 768, 769 (Fla. 1st DCA 1985) ("The 'good cause' standard applied in failure to prosecute cases is much stricter than the 'excusable neglect' standard utilized to vacate a default judgment.").

Accordingly, we affirm the trial court's order granting relief under rule 1.540(b) and remand for further proceedings as discussed herein. We certify conflict with *Lesinski v. South Florida Water Management District*, 226 So. 3d 964 (Fla. 4th DCA 2017).

AFFIRMED and REMANDED for further proceedings; CONFLICT CERTIFIED.

WOZNIAK, J., concurs.
SMITH, J., concurs specially with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF TIMELY FILED

_____

_____

[4] We note that the excusable neglect we address here was SOEX's failure to calendar the lack of prosecution hearing. Because the dismissal hearing will need to be reset and the deadline for filing a written statement of good cause under rule 1.420(e) is calculated from the date of that hearing, SOEX will effectively have another opportunity to establish this good cause requirement. We expressly note that we do not extend the "excusable neglect" standard of rule 1.540(b) to SOEX's failure to calendar the deadline for record activity. Rule 1.420(e) is clear that "good cause" is the standard to apply for a party to explain the absence of record activity.

SMITH, J., concurring specially with opinion.

I agree with the outcome of this opinion and write to underscore the impropriety of extending the "excusable neglect" of Florida Rule of Civil Procedure 1.540(b) any further than has occurred here.

In 1969, we see what appears to be one of the first reported cases involving the potential interplay between Florida Rules of Civil Procedure 1.420(e) and 1.540(b).[5] The issue of whether a dismissal for lack of prosecution could be vacated for excusable neglect eluded Florida courts until 2017, when the Fourth District Court of Appeal, in *Lesinski v. South Florida Water Management District,* 226 So. 3d 964 (Fla. 4th DCA 2017), held it could not. Oddly, despite *Lesinski* being the law of the state for several years, neither party cited to it either in the lower court or in this appeal. *Brannon v. State*, 850 So. 2d 452, 458 n.4 (Fla. 2003) ("If there is no controlling decision by this Court or the district

---

[5] The Third District Court of Appeal in *State ex rel. Avery v. Williams*, 222 So. 2d 477 (Fla. 3d DCA 1969), while analyzing the appeal of a dismissal for lack of prosecution under rule 1.420(e) stated:

> It is apparent from a review of the motion to reinstate, filed by the plaintiff in the trial court after the order of dismissal, that he did not seek relief pursuant to the provisions of Rule 1.540, Florida Rules of Civil Procedure, 31 F.S.A. but merely sought reinstatement on alleged grounds of good cause. This opinion is not to be construed as making any determination of what would be the effect if a motion had been filed in the instant case under Rule 1.540, Florida Rules of Civil Procedure, rather than merely setting up alleged good cause.

*Id.* at 478.

court having jurisdiction over the trial court on a point of law, a decision by another district court is binding."). Presumably, had the trial court been made aware of this controlling law, the outcome in the lower court would have been different.

Beginning with the applicable texts, rule 1.420(e) provides:

(e) **Failure to Prosecute.** In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.

*Id.* And rule 1.540(b) states, in relevant part:

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

* * * *

The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.

8

*Id.* In *Conage v. United States*, 346 So. 594 (Fla. 2022), the Florida Supreme Court provided the following guidance on interpretation: "[T]he plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and *the broader context of the statute as a whole*." *Id.* at 598 (emphasis added) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 136 L. Ed. 2d 808 (1997)). More recently, in analyzing whether a voiding penalty should be read into the Repair Act,[6] the Florida Supreme Court further expounded on viewing an act as a whole by delving into whether the interpretation "would bring *disharmony* rather than *coherence* to the statutory scheme." *Gov't Emps. Ins. Co. v. Glassco Inc.*, 394 So. 3d 1115, 1120 (Fla. 2024) (emphasis added). The same rules of construction applicable to statutes also apply to court rules. *See K.D. v. State*, 50 Fla. L. Weekly D52, D53 (Fla. 6th DCA Dec. 20, 2024) ("Our courts have long recognized that the rules of construction applicable to statutes also apply to the construction of rules.") (quoting *Brown v. State*, 715 So. 2d 241, 243 (Fla. 1998))). I believe this Court, consistent with *Conage* and *Government Employees*, has read 1.420(e) and 1.540(b) together, as a whole, in a manner which brings "coherence" rather than "disharmony," by concluding that a dismissal for lack of prosecution cannot entirely be undone by invocation of the excusable neglect standard.

---

[6] Ch. 80-139, § 1, Laws of Fla.

Rule 1.420(e) sets out stringent requirements before a case is dismissed for lack of prosecution: 1) no record activity for ten months; 2) notice to all parties that no record activity has taken place for the last ten months;[7] 3) an additional sixty days provided to the parties to conduct record activity; 4) notice that a hearing will be held regarding dismissal of the action (which cannot be heard before expiration of the sixty days), and, finally, 5) a hearing held at which the court considers whether a party has shown *good cause* in writing at least five days prior justifying why the action should remain pending.[8] If all these requirements are met *and* the trial court finds good cause has not been shown, "the action *shall* be dismissed." Fla. R. Civ. P. 1.420(e) (emphasis added). This rule forms the basis for what trial courts generally refer to as "dismissal dockets." These dockets provide our heavily burdened trial courts the ability to dismiss cases with zero record activity for a year or more.

On the other hand, a motion to vacate under 1.540(b)(1), which includes the basis of excusable neglect, may be filed anytime within *one year* of the time of entry of a final order or judgment. The standard for vacating a judgment based upon excusable neglect is lower than that for good cause required to avoid dismissal for lack of prosecution. *See*

---

[7] The language for the notice is contained in Florida Rules of Civil Procedure, Form 1.989(a). The form clearly advises the parties that the action can be dismissed if no record activity takes place within sixty days after service of the notice.

[8] The requirements of rule 1.420(e) have been truncated for the purposes of this summary. Refer to 1.420(e) directly for a comprehensive listing of the requirements.

*Havens v. Chambliss*, 906 So. 2d 318, 320 (Fla. 4th DCA 2005) ("[T]he 'good cause' standard applied in failure to prosecute cases is much stricter than the 'excusable neglect' standard utilized to vacate a default judgment.") (quoting *Padea v. Voltaggio*, 472 So. 2d 768, 769 (Fla. 1st DCA 1985)). Put another way, when a party is required to establish good cause to avoid a dismissal for lack of prosecution, it has a higher mountain to climb than simply arguing excusable neglect for vacating a final order or judgment.

This Court properly limits application of the excusable neglect standard under rule 1.540(b)(1) to the calendaring of the rule 1.420(e) dismissal hearing. If the excusable neglect standard were to be applied to failure to calendar the deadlines for record activity, then parties who have had no record activity in their cases for one year, and no good cause to explain away that inactivity, would be given carte blanche up to *one more year* to file a motion to vacate the order of dismissal for lack of prosecution under a *lesser standard* of excusable neglect. This could double the amount of time a party is permitted to have no record activity from one year to two. I do not believe that accomplishes the requirements placed upon us to read statutes or sets of rules "as a whole," *Conage*, 346 So. 3d at 598, or to read them in manner which creates "coherence" rather than "disharmony," *Gov't Emps.*, 394 So. 3d at 1120.[9]

---

[9] I would also note that our reading together of the two rules is not entirely novel. *See Cape Royal Realty, Inc. v. Kroll*, 804 So. 2d 605, 608 (Fla. 5th DCA 2002) (Harris, J., dissenting) (a litigant who meets the burden for relief under rule 1.540(b) to set aside a dismissal when the litigant missed the dismissal hearing for lack of prosecution under

11

The *Lesinski* court identified a legitimate problem when addressing the interplay of rules 1.420(e) and 1.540(b). While this Court has certified conflict with the reasoning of *Lesinski*, I would call it a soft conflict at most. As conceded in *Lesinski*, a party *can* move to vacate a dismissal under 1.540(b). 226 So. 3d at 969 n.1 ("By our conclusion in the instant case, we do not mean to suggest that a party who has not received a proper rule 1.420(e) notice of lack of prosecution, or who argues that rule 1.420(e)'s conditions do *not* exist, is precluded from seeking relief from the resulting dismissal order under Florida Rule of Civil Procedure 1.540(b).").[10] *Lesinski*, however, concluded that permitting a dismissal to be set aside under 1.540(b)(1) for excusable neglect "would eviscerate the application of rule 1.420(e)'s bright-line deadlines." 226 So. 3d at 966.

---

rule 1.420(e) "should have been . . . given another opportunity to show good cause for the extended delay in prosecuting her case.").

[10] The *Lesinski* court provided the following examples of cases in which dismissals under rule 1.420(e) were set aside under rule 1.540(b):

> *See Coral Gables Imports, Inc. v. Suarez*, 219 So. 3d 101, 103–04 (Fla. 3d DCA 2017) ("[The plaintiff] correctly moved to vacate the dismissal order as void, pursuant to Florida Rule of Civil Procedure 1.540(b)(4), where the court entered the dismissal order [under rule 1.420(e)] *without notice and the record reflected record activity*.") (emphasis added); *Metro Obras, Inc. v. F.D.I.C.*, 611 So. 2d 1356, 1356 (Fla. 3d DCA 1993) ("[T]he trial court set aside a dismissal for lack of prosecution on the ground that *the plaintiff had not been given appropriate notice*. This order was properly entered pursuant to Fla. R. Civ. P. 1.540(b) and is therefore affirmed. The merits of a dismissal under Fla. R. Civ. P. 1.420(e) remain to be decided below.") (emphasis added; citations omitted).

226 So. 3d at 969 n.1.

I do not believe our ruling today "eviscerates" the brightline deadlines of rule 1.420(e), but rather only permits a proper reading together of the two rules. The "brightline" deadlines of 1) no record activity for ten months, and 2) no record activity for sixty days following the lack of prosecution notice remain in place and untouched by this Court's opinion. The hearing date for the dismissal, which is not a "brightline" date set by rule but rather a date selected at the discretion of the court, is potentially affected. If a party timely files a motion to vacate under rule 1.540(1)(b) and establishes excusable neglect for failure to appear at the hearing, the dismissal could be set aside. I believe such a reading together of the two rules satisfies our responsibility under *Conage* to read the "broader context" of the Florida Rules of Civil Procedure "as a whole." 346 So. 3d at 598.

_____

Ryan P. Dugan, of Law Office of Ryan P. Dugan, P.A., Fort Myers, for Appellant.

Phoebe S. Wise, of Hahn Loeser & Parks, LLP, Naples, for Appellee.